Werden, Appellee, *v.* Crawford, Appellant.

(Nos. 81-611 and 81-761—Decided May 26, 1982.)

*Messrs. Weinman, Quinn, Powell, Adulewicz & Kerr* and *Mr. Casimir T. Adulewicz,* for appellee.

*Stern, Stern & Stern Co., L.P.A.,* and *Mr. Gary M. Stern,* for appellant.

CLIFFORD F. BROWN, J.  The sole issue presented for our determination is whether Civ. R. 52 requires a trial court to issue findings of fact and conclusions of law after it is requested to do so by a party to a proceeding on a motion for change of custody.

Civ. R. 52 states in pertinent part:

"When questions of fact are tried by the court without a jury, judgment may be general for the prevailing party unless one of the parties in writing or orally in open court requests otherwise * * * in which case, the court shall state in writing the conclusions of fact found separately from the conclusions of law."

The trial court in the present case justified its refusal to file findings of fact and conclusions of law by stating that such findings were unnecessary since the proceedings had been held pursuant to motions.[1] However, a motion for change of custody is not the kind of motion envisioned by Civ. R. 52 as an exception to the requirement for separate findings of fact and conclusions of law.

As the staff note to Rule 52, as amended July 1, 1971, observed:

"* * * findings of fact and conclusions of law are generally requested by the disappointed party so that he may elicit the rationale for the court's decision."

---

[1] In so doing, the court evidently relied upon the following language of Civ. R. 52:

"Findings of fact and conclusions of law required by this rule and by Rule 41(B)(2) are unnecessary upon *all other motions* including those pursuant to Rule 12, Rule 55, and Rule 56." (Emphasis added.)

The purpose of the rule is therefore clear: to aid the appellate court in reviewing the record and determining the validity of the basis of the trial court's judgment. This reasoning is no less important in a change of custody proceeding than in any other trial to which Rule 52 has traditionally been applied. The only procedural distinction rests in the manner in which the case reaches the court.

The provisions of Civ. R. 52 are mandatory in any situation in which questions of fact are tried by the court without intervention of a jury. Since a motion for a change in custody contemplates an order which is necessarily based upon the determination of factual issues,[2] Rule 52 is applicable to all proceedings held pursuant thereto.

Accordingly, we hold that Civ. R. 52, requiring separate findings of fact and conclusions of law upon timely request, applies to change of custody proceedings which involve questions of fact tried and determined by the court without a jury.

The judgment in case No. 81-761 is therefore affirmed, and the appeal in case No. 81-611 is dismissed as having been improvidently allowed.

*Judgment affirmed* in case No. 81-761.
*Appeal dismissed* in case No. 81-611.

CELEBREZZE, C. J., W. BROWN, SWEENEY, LOCHER, HOLMES and KRUPANSKY, JJ., concur.

---

[2] As the Court of Appeals in the instant case correctly recognized:

"[In a hearing held pursuant to a motion for change of custody,] it is the trial judge's duty to determine if the moving party has proved sufficient factual elements to meet the requirements for a change of custody in accordance with O. R. C. Section 3109.04(B)."