OPINION
Appellant Jeffrey Kager appeals the July 7, 1999 judgment entry granting divorce in the Stark County Court of Common Pleas, Domestic Relations Division. Appellee is the former spouse, Kathy Kager. The facts giving rise to this appeal are as follows. Appellant and appellee were married on September 14, 1985, in Canton, Ohio. Two children were born as issue of the marriage, Zachary and Jessica. Appellant works for a concrete company, while appellee works in a public school system. Both are high school graduates and in good health. On September 8, 1998, appellee filed a complaint for divorce. Appellant filed an answer and counterclaim on October 5, 1998. The trial court set the matter for evidence on June 21, 1999. On July 7, 1999, the trial court rendered a judgment entry granting divorce, naming appellee as residential parent and ordering, inter alia, appellant to pay spousal support to appellee in the amount of $150 per month for thirty-six months. Appellant timely appealed and herein raises the following two Assignments of Error:
 I. THE TRIAL COURT DECISION TO MAKE APPELLEE/MOTHER THE RESIDENTIAL PARENT WAS AN ABUSE OF DISCRETION AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE[.]
 II. THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED ERROR IN AWARDING TO WIFE SPOUSAL SUPPORT IN THE AMOUNT OF $150.00 PER MONTH FOR THIRTY (SIC) (36) MONTHS.
 I.
In his First Assignment of Error, appellant argues that the designation of appellee as residential parent was an abuse of discretion and against the weight of the evidence. We disagree. In reviewing a manifest weight of the evidence claim, our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279,376 N.E.2d 578. As a reviewing court, we may reverse a trial court's decision allocating parental rights and responsibilities only where an abuse of discretion has occurred. Miller v. Miller (1988), 37 Ohio St.3d 71, 74. An abuse of discretion occurs when the trial court's judgment is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. Appellant specifically challenges the trial court's purported failure to consider the factors listed in R.C.3109.04(F)(1) in reaching its custody determination. However, it is well-established that Civ.R. 52, requiring separate findings of fact and conclusions of law, upon timely request, applies to custody proceedings involving questions of fact determined in non-jury trials. Werden v. Crawford (1982), 70 Ohio St.2d 122, syllabus. We are compelled to recall our recent admonishment in addressing an appeal on child custody matters: While appellant now claims that the court's judgment was too general, appellant failed to file a timely request for findings of fact and conclusions of law pursuant to Civ.R. 52. Appellant has waived any error by failing to request findings of fact, which would have revealed the specific reasons underlying the court's finding of best interests. Ruby v. Ruby (August 11, 1999), Coshocton App. No. 99-CA-4, unreported, at 3.
In Pettet v. Pettet (1988), 55 Ohio App.3d 128, we explained that:
 * * * when separate facts are not requested by counsel and/or supplied by the court the challenger is not entitled to be elevated to a position superior to that he would have enjoyed had he made his request. Thus, if from an examination of the record as a whole in the trial court there is some evidence from which the court could have reached the ultimate conclusions of fact which are consistent with his judgment the appellate court is bound to affirm on the weight and sufficiency of the evidence. The message is clear: If a party wishes to challenge the custodial judgment as being against the manifest weight of the evidence he had best secure separate findings of fact and conclusions of law. Otherwise his already "uphill" burden of demonstrating error becomes an almost insurmountable "mountain". Id. at 130.
In the absence of the movant's securing of findings of fact and conclusions of law, we find the trial court's decision regarding residential parent status is not unreasonable, arbitrary or unconscionable. The judgment entry at minimum reveals that the trial judge relied on an in camera meeting with the parties' children, as well as the recommendations of the psychologist, Dr. Tully, and the guardian ad litem. We find this sufficiently provides "some evidence from which the court could have reached the ultimate conclusions of fact which are consistent with his judgment." Pettet, supra. See, also, Rogers v. Kessler (December 24, 1997), Morgan App. No. CA-97-09, unreported. The trial court did not err in allocating parental rights and responsibilities under the facts and circumstances presented. Appellant's First Assignment of Error is overruled.
 II.
In his Second Assignment of Error, appellant argues that the court abused its discretion in awarding spousal support to appellee. We disagree. Pursuant to R.C. 3105.18(C)(1), a trial court is to consider certain factors in making a determination of spousal support: (C)(1) In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:
(a) The income of the parties, from all sources * * *;
(b) The relative earning abilities of the parties;
 (c) The ages and the physical, mental, and emotional conditions of the parties;
(d) The retirement benefits of the parties;
(e) The duration of the marriage;
 (f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
 (g) The standard of living of the parties established during the marriage;
(h) The relative extent of education of the parties;
 (i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 (j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
 (k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 (l) The tax consequences, for each party, of an award of spousal support;
 (m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 (n) Any other factor that the court expressly finds to be relevant and equitable.
In Kaechele v. Kaechele (1988), 35 Ohio St.3d 93, 518 N.E.2d 1197 [93 N.E.2d 1197], the Ohio Supreme Court held:
 * * * in making a sustenance alimony determination, the court must consider all the factors listed in R.C. 3105.18(B) and not base its determination upon any one of those factors taken in isolation. Id. at 96.
Appellant's contention is quite analogous to the argument raised before this court Gerencser v. Gerencser (April 19, 1999), Fairfield App. No. 98CA00060, unreported. In that case, the appellant wife challenged the sufficiency of the trial court's R.C. 3105.18 findings, as noted below: Wife asserts the trial court did not consider four of the fourteen factors set forth in R.C. 3105.18(C). * * * Wife concludes the trial court's "use of the `magic language' that it considered all the factors of R.C.3105.18 in rendering its decision does not serve to rescue this otherwise flawed review." Appellant's Brief at 4. In support of this conclusion, wife relies upon Kaechele, supra, and Stafinsky v. Stafinsky (1996), 116 Ohio App.3d 781, 784 * * *. Id. at 4.
We nonetheless held:
 Upon our review of the June 23, 1998 Findings of Fact and Conclusions of Law, we find the trial court enumerated many of the factors set forth in R.C. 3105.18(C)(1). * * * Although the trial court does not specifically discuss each factor, the holding in Kaechele, supra, only requires a trial court to consider the factors listed in R.C. 3105.18(C). We cannot conclude the trial court did not consider all of the factors because it only discusses some of the factors. We find the Findings of Fact and Conclusions of Law sufficiently set forth the basis for the trial court's spousal support award, enabling this Court to review whether the reward is fair, equitable, and in accordance with law.
Id. at 5.
In the judgment entry in the case sub judice, the trial court makes reference to the length and duration of the marriage, the ages of the children, the market and equitable value of the marital home, the available life insurance of the parties, the pension valuations, current incomes, ages and health conditions of the parties, and the remaining major assets of the parties. The trial judge also unequivocally states therein that he has reviewed the statutory factors. As in Gerencser, we are unpersuaded that the trial court's judgment entry falls short of the requirements of Kaechele, supra. Appellant further argues, under this Assignment of Error, that the trial court should have given more weight to the evidence of appellee's marital misconduct in the court's consideration of the spousal support issue, and that the testimony on this subject was unnecessarily curtailed. We disagree. "Exclusion of lengthy testimony on th[e] subject [of extramarital affairs] does not establish the trial court's refusal to consider it as a relevant factor in determining its award of alimony." Zimmie v. Zimmie (1984), 11 Ohio St.3d 94, 97. We find no abuse of discretion in the trial court's weighing of this factor. The trial court did not err in its determination of a spousal support award in this matter. Appellant's Second Assignment of Error is overruled.
For the reasons stated in the foregoing opinion, the decision of the Court of Common Pleas, Domestic Relations Division, Stark County, Ohio, is hereby affirmed.
GWIN, P.J., and EDWARDS, J., CONCUR.