DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Pike County Common Pleas Court judgment that modified the prior allocation of parental rights and responsibilities entered in the divorce proceedings between Patricia D. Dadosky, plaintiff below and appellant herein, and Michael L. Dadosky, defendant below and appellee herein.[1]
 {¶ 2} Appellant raises the following assignments of error:
First Assignment of Error:
"The trial court abused its discretion when it granted defendant's motion for modification of custody without making the requisite statutory findings."
Second Assignment of Error:
"The trial court abused its discretion when it ordered appellant to pay an unreasonable amount of child support under the circumstances of the case."
 {¶ 3} The parties divorced in 1996 and the trial court designated appellant as the residential parent of the parties' minor child, who, at that time, was approximately eight years old. On June 7, 2002, appellee filed a motion to modify the prior allocation of parental rights and responsibilities.
 {¶ 4} On November 1, 2002, the trial court held a hearing. At the hearing, the guardian ad litem recommended that "custody be placed with the father * * * and that the mother retain the standard Court parenting time."[2] Evidence was presented that appellant's relationship with her fourteen-year-old child had deteriorated to the point that physical violence could occur. Additionally, the child expressed a desire to live with his father.
 {¶ 5} Also at the hearing, the parties revealed that they had reached an agreement to place the child in appellee's custody, with appellant paying $100 per week as child support. Appellant, however, subsequently refused to sign the agreement. The court questioned appellant why she would not sign the agreement and she stated that she could not "in good conscience sign anything saying that I believe it's in my son's best interest to go live with his dad, and not have communication or contact with me."
 {¶ 6} On December 2, 2002, the trial court granted appellee's motion to modify the prior allocation of parental rights and responsibilities. The court found that appellant and her son's relationship deteriorated to the point that the child's best interests would be served by designating appellee the residential parent. The court further ordered appellant to pay $541.82 per month as child support. Appellant filed a timely notice of appeal.
 I {¶ 7} In her first assignment of error, appellant argues that the trial court erred by granting appellee's request to modify custody without first finding the existence of one of the R.C. 3109.04(E)(1)(a) factors.
 {¶ 8} Before we address the merits of appellant's first assignment of error, we note that appellant did not file a Civ.R. 52 request for findings of fact and conclusions of law. Pursuant to Civ.R. 52, a trial court's judgment may be general unless one of the parties requests findings of fact and conclusions of law.[3] See Morrison v. Morrison
(Nov. 15, 2000), Wayne App. No. 00CA0009; Wirt v. Wirt (Apr. 10, 1996), Wayne App. No. 95CA0041, unreported. Absent a Civ.R. 52 request for findings of fact, a reviewing court will presume that the trial court considered all the relevant statutory factors. Wangugi v. Wangugi (Apr. 12, 2000), Ross App. No. 99CA2531; see, also, Sayre v. Hoelzle Sayre
(1994), 100 Ohio App.3d 203, 211-12, 653 N.E.2d 712. Thus, the failure to timely request findings of fact and conclusions of law waives the right to challenge a trial court's lack of an explicit finding. See Wangugi.
Additionally, a trial court's failure to make specific R.C.3109.04(E)(1)(a) findings does not constitute reversible error if the record indicates that the trial court correctly applied the statutory criteria. See Hubbard v. Anderson (Jan. 21, 1998), Scioto App. No. 96CA2440.
 {¶ 9} In the case at bar, appellant did not file a Civ.R. 52 request for findings of fact and conclusions of law. Thus, we presume, in the absence of evidence to the contrary, that the trial court properly applied and considered the appropriate statutory factors. After our review of the record, we find nothing to indicate that the trial court improperly deviated from the statutory procedure or failed to consider the appropriate statutory factors.
 {¶ 10} We initially note that when "an award of custody is supported by a substantial amount of credible and competent evidence, such an award will not be reversed as being against the weight of the evidence by a reviewing court." Bechtol v. Bechtol (1990),49 Ohio St.3d 21, 550 N.E.2d 178, syllabus; see, also, Davis v.Flickinger (1997), 77 Ohio St.3d 415, 418, 674 N.E.2d 1159. Furthermore, a reviewing court should afford the utmost deference to a trial court's decision regarding child custody matters. See, e.g., Davis; Miller v.Miller (1988), 37 Ohio St.3d 71, 74, 523 N.E.2d 846. Consequently, absent an abuse of discretion, a reviewing court will not reverse a trial court's decision regarding child custody. Bechtol. When applying the abuse of discretion standard, a reviewing court may not simply substitute its judgment for that of the trial court. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140. Moreover, deferring to the trial court on matters of credibility is "crucial in a child custody case, where there may be much evident in the parties' demeanor and attitude that does not translate to the record well." Davis,77 Ohio St.3d at 419.
 {¶ 11} While a trial court's discretion in a custody modification proceeding is broad, it is not absolute. The trial court must follow statutory procedures. Miller, 37 Ohio St.3d at 74.
 {¶ 12} R.C. 3109.04(E)(1)(a) governs the modification of a prior decree allocating parental rights and responsibilities. The statute provides:
The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, his residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:
* * *
(iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child.
 {¶ 13} Thus, in determining whether to modify a prior allocation of parental rights and responsibilities, three factors generally guide a trial court's decision: (1) whether a change in circumstances has occurred, (2) whether a modification would further the child's best interests, and (3) whether the benefits resulting from the change will outweigh any harm. See, e.g., Clark v. Smith (1998), 130 Ohio App.3d 648,653, 720 N.E.2d 973. If a trial court concludes that a change in circumstances has occurred and that a modification of the prior allocation of parental rights and responsibilities would serve the child's best interests, a trial court may not modify a custody order unless the court determines, inter alia, that the harm likely to be caused by a change of environment is outweighed by the benefits of the change of environment. R.C. 3109.04(E)(1)(a)(iii).
 {¶ 14} In the case at bar, appellant claims that the trial court failed to find that the benefits of the change outweighed the harm likely to be caused by the change. While we agree with appellant that the trial court's journal entry does not explicitly state that the court found that the benefits of the change outweighed the harm, we disagree that the court's failure to specifically mention this factor in its judgment entry requires us to reverse its decision. We note that the hearing transcript reveals that the trial court was fully aware of the pertinent statutory procedure and that the court considered appropriate factors. In the absence of a request for findings of fact and conclusions of law, the trial court was not required to detail its findings and recite each statutory factor.
 {¶ 15} Moreover, the guardian ad litem stated that she believed that a risk of physical violence existed if the child remained in appellant's custody. Appellant testified that the child told the guardian ad litem that he "doesn't want anything to do with [appellant]." Evidence was presented that the child has a healthy relationship with appellee. Appellee testified that the child is happier with him and that the child asked him to retain an attorney so that appellee could obtain custody. While we do not underestimate the love appellant has for her child, we cannot ignore the testimony that at the present time, the relationship between appellant and her child has changed since the original award of parental rights and responsibilities. With the passage of time and with counseling, appellant and her child once again may enjoy a mutually beneficial and loving relationship.
 {¶ 16} Accordingly, based upon the foregoing reasons, we overrule appellant's first assignment of error.
 II {¶ 17} In her second assignment of error, appellant contends that the trial court erred by ordering her to pay $541.82 as monthly child support. We disagree with appellant.
 {¶ 18} A trial court possesses substantial discretion in determining child support obligations. Thus, a reviewing court will reverse such decisions only upon finding that the trial court abused its discretion. See Pauly v. Pauly (1997), 80 Ohio St.3d 386, 390,686 N.E.2d 1108; Booth v. Booth (1989), 44 Ohio St.3d 142, 144,541 N.E.2d 1028. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. Moreover, we again note that when an appellate court applies the abuse of discretion standard of review, the court is not free to merely substitute its judgment for that of the trial court. See In re Jane Doe I (1991), 57 Ohio St.3d 135,566 N.E.2d 1181, citing Berk v. Matthews (1990), 53 Ohio St.3d 161,559 N.E.2d 1301.
 {¶ 19} R.C. Chapter 3119 sets forth the procedures a trial court must follow when calculating a parent's support obligation. R.C. 3119.02
requires the trial court to calculate a parent's support obligation in accordance with the basic child support schedule. See R.C. 3119.02
through 3119.24. The amount of child support calculated using the schedule and worksheet is rebuttably presumed to be the correct amount of child support due. R.C. 3119.03. A trial court may, however, deviate from the worksheet amount if the amount would be unjust or unreasonable. See R.C. 3119.24(A)(1). If the court deviates from the worksheet amount, the court must enter in the record both the worksheet-calculated payment amount and its reasons for deviation from that payment amount. DePalmov. DePalmo (1997), 78 Ohio St.3d 535, 538, 679 N.E.2d 266.
 {¶ 20} In the case at bar, appellant has not shown that the trial court abused its discretion by ordering her to pay $541.82 as monthly child support. The trial court calculated appellant's child support obligation by using the statutorily mandated child support worksheet and did not deviate from it. Appellant has not shown that the amount shown on the worksheet is incorrect. Instead, she complains that the trial court did not choose to order her to pay only $100 per month, as per the parties' earlier, but withdrawn, agreement.[4] Under the facts presented herein, we find that the trial court did not abuse its discretion in ordering support pursuant to the applicable guidelines.
 {¶ 21} Accordingly, based upon the foregoing reasons, we overrule appellant's second assignment of error and affirm the trial court's judgment.
Judgment Affirmed.
Kline, J., concurs in Judgment Opinion (vote received 10-15-03)
Evans, P.J., concurs in Judgment Opinion (vote received 12-16-03)
[1] Appellee has not filed an appellate brief. App.R. 18(C) outlines the consequences of an appellee's failure to file a brief:
If an appellee fails to file the appellee's brief within the time provided by this rule, or within the time as extended, * * * the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action.
In the case at bar, although appellee did not file a brief, we do not believe that appellant's brief reasonably appears to sustain a reversal of the trial court's judgment.
[2] In her appellate brief, appellant asserts that the guardian ad litem recommended that the child remain in her custody. Our review of the transcript has revealed no such recommendation.
[3] Civ.R. 52 applies to change of custody proceedings. See State exrel. Papp v. James (1994), 69 Ohio St.3d 373, 377; Werden v. Crawford
(1982), 70 Ohio St.2d 122, syllabus.
[4] Appellant appears to argue that the appellee and the trial court is somehow bound under the parties' proposed, but withdrawn, settlement agreement. We disagree with appellant.
A settlement agreement is designed to end litigation pursuant to the parties explicit agreement. In Rulli v. Fan Co. (1997), 79 Ohio St.3d 374,375, 683 N.E.2d 337, 338, the Ohio Supreme Court observed:
"The result of a valid settlement agreement is a contract between parties, requiring a meeting of the minds as well as an offer and an acceptance thereof. Noroski v. Fallett (1982), 2 Ohio St.3d 77, 79, 2 OBR 632, 633, 442 N.E.2d 1302, 1304. To constitute a valid settlement agreement, the terms of the agreement must be reasonably certain and clear.
We observe that courts should be particularly reluctant to enforce ambiguous or incomplete contracts that aim to memorialize a settlement agreement between adversarial litigants. Though we encourage the resolution of disputes through means other than litigation, parties are bound when a settlement is reduced to final judgment. Since a settlement upon which final judgment has been entered eliminates the right to adjudication by trial, judges should make certain the terms of the agreement are clear, and that the parties agree on the meaning of those terms."
In the instant case, appellant did not agree to the terms of the parties' proposed settlement agreement. Thus, the trial court was not bound to decipher and follow the rejected agreement's terms.