DECISION AND JUDGMENT ENTRY
{¶ 1} Plaintiffs-Appellants Robert Luman, et al., appeal the judgment of the Highland County Court of Common Pleas awarding Appellee Daryl Igo $35,225.00 plus interest carried forward from October 11, 2006. The Appellants argue the trial court erred when: (1) it failed to order the Appellee to sell the thirteen acre tract which was the subject of the contract at issue to the Appellants; (2) it failed to grant judgment for the Appellants *Page 2 
in the amount of $9,750.00, representing one-half of the government buyout of the tobacco base; (3) it allowed testimony by the Appellee, over the objection of the Appellant, and granted judgment for the Appellee on the issue of a lost grant payment in the amount of $26,500.00; (4) it found the Appellants were liable to the Appellee on the counterclaims in the amount of $35,225.00; and (5) it overruled Appellants' Civ. R. 52 motion for findings of fact and conclusions of law. Because we find that the trial court improperly denied Appellants' Civ. R. 52 motion, we reverse its judgment and remand the matter for proceedings consistent with this opinion.
 I. Facts {¶ 2} On August 21, 2003, the Appellants and Appellee agreed in writing to a purchase by the Appellants of a two acre tract of land, including a residence and outbuilding, and a thirteen acre tract of vacant land, all located within Highland County, from the Appellee, for $210,000.00. The Appellee also granted to the Appellants at this time an option to purchase a separate five acre tract for the amount of $30,000.00. The Appellants provided consideration to the Appellee at the time of contract in the form of a down payment in the amount of $40,000.00. The closing on the contract was to occur on November 1, 2003, or at some other time mutually agreeable to the parties, time being of the essence. *Page 3 
 {¶ 3} On October 12, 2003, the parties amended the August 21, 2003 contract in a writing whereby the parties agreed to the purchase of the two acre tract for the price of $210,000.00 with payment to be made as follows: credit for the $40,000.00 deposit, payment made at closing in the amount of $145,000.00, and the seller financing the balance of $25,000.00, to be paid off by August 2004.
 {¶ 4} On October 21, 2003, the Appellants and Appellee executed another purchase agreement in writing for the purpose of obtaining a bank loan. The terms of the agreement were the same as those dictated in the October 12, 2003 agreement, with closing on the contract to occur November 2, 2003, or at some other time mutually agreeable to the parties thereto, time being of the essence as to all terms of the agreement. In addition, this purchase contract stated that in consideration of the completion of the purchase under the purchase contract, the Appellants had an option to purchase the five acre tract for the amount of $30,000.00, and an option to purchase the thirteen acre tract for the amount of $15,000.00, both to close on or before August 1, 2004, upon notice in writing by the buyer to the seller.
 {¶ 5} No tender of money with regard to the thirteen acre tract, and thus, no closing, occurred prior to August 1, 2004. In December 2004, the *Page 4 
Appellants informed the Appellee they were ready to exercise the option on the thirteen acre tract. In response, the Appellee informed the Appellants that he would no longer sell the tract to them. Subsequently, the Appellants filed suit in the Highland County Court of Common Pleas, seeking to enforce the option. The Appellee asserted several counterclaims, including a claim for damages on a tobacco-base buyout agreement between the parties, and claims for damages resulting from lost strawberry and hay crops grown on the properties at issue.
 {¶ 6} On October 11, 2006, the trial court issued a decision adopting the Appellee's brief as the trial court's own. The Appellants appealed the decision to this court. We found that the trial court's decision was not a final appealable order under R.C. 2502.02, and thus, we did not have jurisdiction over the matter.
 {¶ 7} The trial court issued a subsequent decision on the matter on July 27, 2007, awarding the Appellee $35,225.00 on his counterclaims, plus interest dating from October 11, 2006. In so doing, the trial court overruled the Appellants' February 16, 2007 Civ. R. 52 motion for findings of fact and conclusions of law. The Appellants now appeal the trial court's decision, asserting the following assignments of error:
 II. Assignments of Error *Page 5 {¶ 8} 1. THE TRIAL COURT ERRED IN NOT FINDING BY CLEAR AND CONVINCING EVIDENCE THAT THE APPELLANT AND APPELLEE HAD AN AGREEMENT FOR THE PURCHASE [OF] LAND INCLUDING A THIRTEEN (13) ACRE TRACT OF LAND OWNED BY THE APPELLEE, WHICH AGREEMENT WAS A VALID AND ENFORCEABLE CONTRACT AS TO THE THIRTEEN (13) ACRE TRACT, THAT THE APPELLEE BREACHED THE CONTRACT BY REFUSING TO SELL THE THIRTEEN ACRE TRACT, AND THUS FOR NOT GRANTING JUDGMENT FOR THE PLAINTIFF FOR SPECIFIC PERFORMANCE TO ORDER APPELLEE TO SELL THE THIRTEEN (13) ACRE TRACT.
 {¶ 9} 2. THE TRIAL COURT ERRED IN NOT FINDING BY A PREPONDERANCE OF THE EVIDENCE THAT THE APPELLEE HAD BREACHED THE CONTRACT OF AUGUST 21, 2003 OR OCTOBER 21, 2003 IN FAILING TO GRANT JUDGMENT FOR THE APPELLANTS AGAINST THE APPELLEE FOR THE ONE-HALF OF THE BUYOUT OF THE TOBACCO BASE IN THE AMOUNT OF NINE THOUSAND SEVEN HUNDRED AND FIFTY DOLLARS ($9,750.00).
 {¶ 10} 3. THE TRIAL COURT ERRED [IN] ALLOWING TESTIMONY BY APPELLEE, OVER OBJECTION OF COUNSEL FOR APPELLANT, AND FINDING FOR AND GRANTING JUDGMENT AGAINST APPELLANT AND FOR APPELLEE ON THE ISSUE OF THE LOST GRANT PAYMENT IN THE AMOUNT OF TWENTY-SIX THOUSAND FIVE HUNDRED DOLLARS ($26,500.00), WHEN NEITHER THE ISSUE OR DEMAND FOR THIS CLAIM WAS SET FORTH IN ANY COUNTERCLAIMS OR WITH SPECIFICITY AS REQUIRED BY CIVIL RULE 9(g).
 {¶ 11} 4. THE TRIAL COURT ERRED IN FINDING [BY] A PREPONDERANCE OF THE EVIDENCE THAT THE APPELLANTS WERE LIABLE TO THE APPELLEE ON THE COUNTERCLAIMS, THAT THE APPELLANTS CAUSED DAMAGE TO THE APPELLEE, AND THAT THE *Page 6 
AMOUNT OF THE DAMAGES [WAS] IN THE AMOUNT OF THIRTY FIVE THOUSAND TWO HUNDRED AND TWENTY FIVE DOLLARS ($35,225.00) ON APPELLEE'S COUNTERCLAIMS, AND BY GRANTING DAMAGE[S] IN EXCESS OF THE DAMAGES TESTIFIED TO AT TRIAL BY THE APPELLEE.
 {¶ 12} 5. THE TRIAL COURT ERRED IN OVERRULING APPELLANTS' MOTION PURSUANT TO CIVIL RULE 52, FOR FINDING[S] OF FACT AND CONCLUSIONS OF LAW AS FILED ON FEBRUARY 16, 2007.
 III. Legal Analysis {¶ 13} For ease of analysis, we will initially address the Appellants' fifth assignment of error, which argues that the trial court erred when it overruled their motion for findings of fact and conclusions of law pursuant to Civ. R. 52. We agree.
 {¶ 14} The purpose of issuing findings of fact and conclusions of law under Civ. R. 52 is to establish a record so that reviewing courts can conduct meaningful review. Salisbury v. Smouse, Pike App. No. 05CA737,2005-Ohio-5733, at ¶ 15. "A trial court's decision reciting various facts and a legal conclusion satisfies the requirements of Civ. R. 52 when, taken together with other parts of the trial court's record, the decision forms an adequate basis upon which to decide the legal issue presented upon appeal." Id. "The test for determining whether a trial court's opinion satisfies the requirements of Civ. R. 52 is whether the contents of the opinion, when considered together *Page 7 
with other parts of the record, form an adequate basis upon which to decide the narrow legal issues presented." Brandon/Wiant Co. v.Teamor (1999), 135 Ohio App.3d 417, 423, 734 N.E.2d 425, citingWerden v. Crawford, 70 Ohio St.2d 122, 124, 24 O.O.3d 196,435 N.E.2d 424.
 {¶ 15} The provisions of Civ. R. 52 are mandatory in any situation in which questions of fact are tried by the court without intervention of a jury. In re Adoption of Gibson (1986), 23 Ohio St.3d 170, 172,492 N.E.2d 146, citing Werden, supra. The failure to comply with a timely request to make findings of fact and conclusions of law is prejudicial error unless a reviewing court can determine, without weighing the evidence, that the appellant has not been prejudiced. St. Paul Fire Marine Ins. Co. v. Battle (1975), 44 Ohio App.2d 261, 997 N.E.2d 806, paragraph one of the syllabus. When a trial court's judgment has been reversed and remanded solely for findings of fact and conclusions of law, it is incumbent upon the trial judge to vacate his previous judgment and re-enter the same as of the date of the filing of the findings of fact and conclusions of law. Kennedy v. Cleveland (1984),16 Ohio App.3d 399, 476 N.E.2d 683, paragraph one of the syllabus.
 {¶ 16} Despite awarding the Appellee $35,225.00 on his counterclaims, the trial court failed in its judgment entry to detail the reasons behind the damage award. Given the lack of support in the entry for the *Page 8 
damage award, this court has no adequate basis upon which to decide the issue presented. As such, we remand this matter to the trial court for explanation of its award, in the form of findings of fact and conclusions of law in accordance with Civ. R. 52, and a re-entry of judgment on a date concurrent with its issuance of findings of fact and conclusions of law. Given our determination upon the Appellants' fifth assignment of error, assigned errors one through four are not ripe for review at this time.
JUDGMENT REVERSED AND REMANDED.