DECISION AND JUDGMENT ENTRY
{¶ 1} Thomas E. Lawless and Sue Lawless appeal the Lawrence County Common Pleas Court's judgment quieting title to certain property to Irene Scarberry. Scarberry filed a cross-appeal and argues that the trial court improperly awarded the Lawlesses damages under the Occupying Claimant Law. Because the trial court did not enter adequate findings of fact and *Page 2 
conclusions of law to enable this court to properly review the Lawlesses' assignments of error, we reverse the trial court's judgment and remand for further proceedings.
 I. FACTS {¶ 2} The dispute in the instant case centers around the language originally used in a 1922 deed to describe the property conveyed that was subsequently incorporated in a 1939 deed and in a 1998 Sheriff's deed. The language used in the original 1922 deed described the property as follows: "[L]ying in Lot 1283 section 21 Range 15 and starting at a corner between Shannon [W]hite and Henon Scarbery [sic] lands near two mile creek same being the north east corner between said land and running in a westerly direction to a corner between said Henon Scarbery [sic] land and Brood [sic] Capper and Shanon [sic] White thence along line between Brook Capper and Henon Scarbery [sic] line to a corner to be established by Henon Scarbery [sic] and Mary Scarbery [sic] and Banks Scarbery [sic] also following a line across said Henon Scarberry land to a corner on the line between said shanon [sic] White land and Henon Scarbery [sic] land and following said line to place of beginning and containing (60) sixty acres more or less[. I]t is mutely [sic] understood that their [sic] will be a surveye [sic] of their land later and a more definant [sic] discuption [sic] be attached here two; this *Page 3 
being a part of land deeded to Henon Scarbery [sic] by Wm Thacker July 19, 1920." This property was part of a larger tract of land that Henon owned.
 {¶ 3} In 1939, Banks conveyed a one-half interest in the above property to Mary. The property remained in Mary's name until 1998, when the Lawlesses purchased the property at a Sheriff's sale. The Lawlesses purchased the property for the amount of delinquent taxes, $8,258.98.
 {¶ 4} After acquiring the property, the Lawlesses obtained a survey of the property to determine the boundaries. They also began building a log cabin and a pond on the property. Irene Scarberry believed that the Lawlesses were building on property that she owned, which surrounded parts of the sixty-acre tract. She then filed a complaint that requested the court to find the 1998 deed void for lack of a sufficient legal description of the property conveyed and to quiet title to the property in her favor. She further asserted a trespass claim and an adverse possession claim.
 {¶ 5} On September 13, 20, and 21, 2007, the court held a bench trial. Scarberry's surveyor testified that he was unable to identify the boundaries.
 {¶ 6} Appellants' surveyor testified that although the legal description was unclear, he examined extrinsic evidence to ascertain the boundaries of the property conveyed. His report states: "The Lawless 60 acre tract came out of a 72-acre tract in 1922. Henon Scarberry conveys to Banks and Mary *Page 4 
Scarberry a 60-acre tract. The legal description is unclear as to the exact location. It is clear that the intent was to convey a 60-acre tract out of lot 1283. The beginning point of the legal description is locatable and these lines were monumented the third call states: `Thence along the line between Brook Capper and Henon Scarberry line to a corner to be established by Henon Scarberry also following a line across said Henon Scarberry land to a corner on the line between said Shannon White land and Henon Scarberry land and following said line to the place of beginning, and containing 60 acres, more or less.' The description also mentioned that a survey will be performed and a more definite description will be attached. It doesn't appear this survey ever happened because it doesn't show on the records. Since the description calls for leaving the west line of the 72-acre tract to sever out a 60-acre tract in lot 1283, a thorough investigation was performed to find any extrinsic evidence that may prove the intent of the description. An ancient fence line was located in the field, this would be a common way to mark boundaries at the time, and was consistent with the age of the 1922 deed. The fence went from the south line of lot 1283 thence went northerly crossing a branch to a rock ledge. It appears the rock ledge may have been used as the natural boundary upon calculation a course from the rock cliff to intersect the west line of the 72-acre tract, as it follows the general direction *Page 5 
of the cliff. Not finding other evidence we held the calculated line and monumented it. This made the acreages on the legal description match. Also, hearsay from adjoiners and residents in the area all agree with the location found in the field and every tax map since 1926 show the 12 acre remnant located on the west side of lot 1283."
 {¶ 7} On September 28, 2007, the court quieted title to Scarberry. The court determined that the legal description contained in the 1998 Sheriff's deed, in the 1939 deed from Banks to Mary, and in the 1922 deed from Henon to Banks and Mary failed to describe an identifiable parcel of land and that the deeds were void. The court further found that the Lawlesses were innocent purchasers of the property and are entitled to damages for the value of lasting improvements they made to the property. However, the court set-off the amount of money the Lawlesses received for selling timber off the property. The court ordered appellee to pay appellants $22,900 as damages.
 {¶ 8} On October 10, 2007, appellants filed a request for findings of fact and conclusions of law. On February 8, 2008, the court entered findings of fact and conclusions of law. The court essentially re-stated the findings and conclusions it previously set forth in its earlier decision. This appeal followed. *Page 6 
 II. ASSIGNMENTS OF ERROR {¶ 9} Appellant raises four assignments of error:
 "I. THE TRIAL COURT ERRED IN FINDING THAT APPELLANTS' DEED FAILED TO DESCRIBE AN IDENTIFIABLE PARCEL OF LAND THUS HOLDING THE DEED VOID AND QUIETING THE TITLE TO APPELLEE."
 "II. THE TRIAL COURT ERRED IN ESTABLISHING DAMAGES UNDER OHIO'S OCCUPYING CLAIMANT ACT BY OFFSETTING VALUE OF ALL TIMBER REMOVED AND FAILING TO ACCOUNT FOR ADDITIONAL REAL ESTATE TAXES PAID BY APPELLANTS."
 "III. THE TRIAL COURT ERRED IN VOIDING APPELLANTS' DEED FROM A DELINQUENT TAX SALE IN VIOLATION OF R.C. 5721.19."
 "IV. THE TRIAL COURT ERRED IN FINDING THAT APPELLEE WAS ENTITLED TO PAY APPELLANTS TO ESTABLISH A BETTER TITLE WITHOUT HAVING COMPLIED WITH R.C. 5303.08 ALLOWING APPELLANTS TO PAY APPELLEE THE VALUE OF THE LAND."
 {¶ 10} Cross-appellant raises three assignments of error:
 "I. THE TRIAL COURT ERRED IN FINDING APPELLANT HAD NOT ENGAGED IN FRAUD OR COLLUSION AND IN GRANTING POST-LITIGATION IMPROVEMENT EXPENSES UNDER THE OCCUPYING CLAIMANT LAW WHEN THE APPELLANT WAS AWARE OF HIS CLAIM OF TITLE WAS CONTESTED PRIOR TO THE EXPENDITURES." *Page 7 
 "II. THE TRIAL COURT ERRED IN FINDING DAMAGES DUE APPELLANT PURSUANT TO THE OCCUPYING CLAIMANT LAW WHEN APPELLANT FAILED TO INTRODUCE APPROPRIATE EVIDENCE AS TO DAMAGES APPELLANT CLAIMED."
 "III. THE TRIAL COURT ERRED IN FAILING TO REDUCE ANY AWARD DUE APPELLANT UNDER THE OCCUPYING CLAIMANT LAW BY THE FAIR RENTAL VALUE OF SAID PROPERTY."
 III. ANALYSIS {¶ 11} Before we consider the merits of this appeal, we first must consider whether the trial court's findings of fact and conclusions of law provide an adequate basis upon which we can decide the legal issues involved.
 {¶ 12} Under Civ. R. 52, the purpose of findings of fact and conclusions of law is "`to aid the appellate court in reviewing the record and determining the validity of the basis of the trial court's judgment.'" In re Adoption of Gibson (1986), 23 Ohio St.3d 170, 172,492 N.E.2d 146, 147, quoting Werden v. Crawford (1982), 70 Ohio St.2d 122,124, 435 N.E.2d 424, 426. "The purpose of separately stated findings of fact and conclusions of law is to enable a reviewing court to determine the existence of assigned error. * * * If the [trial] court's ruling or opinion, together with other parts of the trial court's record, provides an adequate basis upon which an appellate court can decide the legal issues presented, there is * * * *Page 8 
substantial compliance" with the procedural rule requiring the court to make separate findings of fact and conclusions of law. Abney v. W. Res.Mut. Cas. Co. (1991), 76 Ohio App.3d 424, 431, 602 N.E.2d 348. "`The test for determining whether a trial court's opinion satisfies the requirements of Civ. R. 52 is whether the contents of the opinion, when considered together with other parts of the record, form an adequate basis upon which to decide the narrow legal issues presented.'"Luman v. Igo, Highland App. No. 07CA11, 2008-Ohio-3911, at ¶ 14, quotingBrandon/Wiant Co. v. Teamor (1999), 135 Ohio App.3d 417, 423,734 N.E.2d 425. Findings and conclusions "must articulate an adequate basis upon which a party can mount a challenge to, and the appellate court can make a determination as to the propriety of, resolved disputed issues of fact and the trial court's application of the law." Kroeger v. Ryder (1993),86 Ohio App.3d 438, 442, 621 N.E.2d 534; see, also, Stone v. Davis
(1981), 66 Ohio St.2d 74, 85, 419 N.E.2d 1094, 1101.
 "Findings of fact and conclusions of law are required because, among other reasons, in cases tried without a jury testimony is frequently admitted over the objection of opposing counsel and it is often impossible to know whether the testimony, if it was incompetent, was considered by the trial court in making its decision. Further, when a judgment is rendered in general terms a reviewing court is not sure whether the case was decided in reliance upon relevant and competent evidence or upon wrongly admitted evidence, or upon the erroneous application of legal principles." *Page 9 
St. Paul Fire Marine Ins. Co. v. Battle (1975), 44 Ohio App. 2d 261,267, 337 N.E.2d 806.
 {¶ 13} In the case at bar, although the trial court issued findings of fact and conclusions of law in response to the Lawlesses' request, we find that the findings and conclusions do not sufficiently provide an adequate basis for us to review the validity of the trial court's judgment. The trial court stated: "Based upon all the testimony and evidence received, together with the Exhibits, it is the Judgment of the Court that the legal description in Stipulated Exhibits 1, 2 and 3 fails to describe an identifiable parcel of land and that by clear and convincing evidence, that the deeds using this defective description are set aside." The court's legal conclusion does not reveal whether it considered parol evidence in reaching its decision. See Hagerty v.Starr (Jan. 23, 1979), Jackson App. No. 376 (stating that "[u]nder Ohio case law, a conveyance of real property must contain a definite description so that the land can be located and distinguished from other lands" and that "[p]arol evidence, such as a map, plat or other deed, may be incorporated by reference within a deed, or may be utilized to explain any ambiguities in the deed description."); see, also, Ohio Jurisprudence 3d, Deeds, Section 44. The court could have found that the property description in the deed was ambiguous, in which case it could have *Page 10 
considered parol evidence. If the court considered parol evidence, it could have determined that Scarberry's evidence that the description was too indefinite to define was more credible than the Lawlesses' evidence concerning the boundaries. However, the court did not mention whether it found one party's evidence more credible than the other's. Alternatively, the court could have determined that the deed was unambiguous, in which case parol evidence would have been inadmissible. Without knowing the court's rationale, we cannot adequately review the assigned errors. Therefore, we remand this matter so that the trial court may enter appropriate findings of fact and conclusions of law to enable this court to adequately review the assigned errors. Without an adequate basis to review the Lawlesses' assignments of error, we are unable to effectively review the propriety of the cross-appeal.
 {¶ 14} Accordingly, we reverse and remand the trial court's judgment.JUDGMENT REVERSED AND CAUSE REMANDED. *Page 11 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND THE CAUSE REMANDED and that the Appellants/Cross-Appellees recover of Appellee/Cross-Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J. and Abele, J.: Concur in Judgment and Opinion. *Page 1