[Cite as *Gallion v. Gallion*, 2014-Ohio-3604.]

COURT OF APPEALS
HOLMES COUNTY, OHIO
FIFTH APPELLATE DISTRICT


BRADLEY N. GALLION

       Plaintiff-Appellee

-vs-

KERRI L. GALLION, nka SNYDER

       Defendant-Appellant

JUDGES:
Hon. William B. Hoffman, P. J.
Hon. W. Scott Gwin, J.
Hon. John W. Wise, J.

Case No. 13 CA 012

O P I N I O N


CHARACTER OF PROCEEDING:      Civil Appeal from the Court of Common
Pleas, Case No.  08DR024


JUDGMENT:                Reversed and Remanded


DATE OF JUDGMENT ENTRY:      August 18, 2014


APPEARANCES:

For Plaintiff-Appellee

LON VINION
2206 Mechanicsburg Road, Suite 201
Wooster, Ohio  44691

For Defendant-Appellant

KAREN DUMMERMUTH
349 East High Avenue
New Philadelphia, Ohio  44663

*Wise, J.*

{¶1}.  Appellant  Kerrie L. Gallion nka Snyder appeals the decision of the Court of Common Pleas, Holmes County, which modified her child support obligation for the parties' two children. Appellee Bradley N. Gallion is appellant's former spouse. The relevant facts leading to this appeal are as follows.

{¶2}.  Appellant Kerrie and Appellee Brad were married in 2004. Two children, presently ages twelve and eight, were born as issue of the marriage.

{¶3}.  On March 24, 2008, Appellee Brad filed a complaint for divorce. Appellant Kerrie was in default of answer, but the parties both signed a separation agreement. On June 30, 2008, the trial court granted the parties a divorce. Among other things, Appellee Brad was designated residential parent of both children; however, child support obligation of $0 was ordered to be paid by Appellant Kerrie at that time. A nunc pro tunc decree was issued on July 1, 2008.

{¶4}.  On January 7, 2009, Appellee Brad filed a pro se motion to establish child support. On November 10, 2009, the trial court ordered Appellant Kerrie to pay child support in the amount of $400.41 per month, including processing fees. Additional modifications were made pursuant to an agreed judgment entry filed December 2, 2010.

{¶5}.  On April 24, 2013, appellant filed a motion seeking reallocation of parental rights and responsibilities. Ultimately, the parties reached an agreed judgment entry as to parental rights and responsibilities, essentially maintaining appellee as the residential parent, with the further provision that each side would submit wage documentation and other necessary information to the trial court within fourteen days for a decision as to

child support. This agreed judgment entry was filed on September 23, 2013, although the parties had apparently reached an agreement in late August 2013.

{¶6}. In the meantime, certain wage and income information was submitted to the court by both parties. On September 18, 2013, the trial court issued a judgment entry setting child support (when health insurance is not provided) at $441.83 per month, including processing fees, with Appellant Kerrie as the obligor. The judgment entry reads as follows in its entirety:

{¶7}. "This cause came on for consideration of the memorandums submitted by the parties regarding the child support issue herein.

{¶8}. "The court requested that each party submit a memorandum in support of their respective position. The court has reviewed both the plaintiff's and the defendant's documents and finds that Plaintiff's Exhibit I is the most equitable and realistic amount of child support that should be paid.

{¶9}. "Therefore, the court adopts Plaintiff's Exhibit I, a copy of which is attached hereto, as the child support order in this case. The child support is made retroactive to May 1, 2013."[1]

{¶10}. Judgment Entry - Decision Regarding Child Support, September 18, 2013.

{¶11}. Appellant filed a request for findings of fact and conclusions of law on September 27, 2013. The trial court denied same on October 24, 2013.

{¶12}. In the meantime, on October 15, 2013, appellant filed a notice of appeal. She herein raises the following two Assignments of Error:

---

[1]    Plaintiff's Exhibit I is a filled-in statutory child support computation worksheet.

{¶13}. "I. THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT DETERMINED DEFENDANT-APPELLEE'S [SIC] INCOME FOR CHILD SUPPORT PURPOSES.

{¶14}. "II. THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT FAILED TO GRANT AN APPROPRIATE DEVIATION FROM THE CHILD SUPPORT CALCULATION GUIDELINES PURSUANT TO R.C. 3119.23."

I.

{¶15}. In her First Assignment of Error, appellant contends the trial court erred in calculating appellee's income for purposes of the child support guidelines.

{¶16}. As an initial matter, we note the trial court in this instance denied appellant's request for findings of fact and conclusions of law regarding the child support modification order. Although appellant herein does not raise the issue as a separate assigned error, she correctly posits that the trial court did not give any significant explanation as to why it utilized the figure of $30,000.00 as appellee's annual income (*see* Appellant's Brief at 6), although we observe that this income figure appears to be based on a statement from appellee's memorandum to the trial court, in which he had urged as follows: "Given the situation here, Brad believes that the Court would be well within its right to either utilize the 2012 [self-employment] net income of $9,788, or impute income to him up to as much as $30,000." Plaintiff's Memorandum, September 11, 2013, at 4.

{¶17}. The provisions of Civ.R. 52 are mandatory when questions of fact are determined by the court without a jury. *See Werden v. Crawford* (1982), 70 Ohio St.2d

122, 124, 24 O.O.3d 196, 435 N.E.2d 424. *See, also, Filyo v. Cannon* (Dec. 21, 1995), 5th Dist. Perry No. 95 CA 1, 1995 WL 776946.

{¶18}. Civ.R. 52 states in pertinent part as follows:

{¶19}. "When questions of fact are tried by the court without a jury, judgment may be general for the prevailing party unless one of the parties in writing requests otherwise before the entry of judgment pursuant to Civ.R. 58, or not later than seven days after the party filing the request has been given notice of the court's announcement of its decision, whichever is later, in which case, the court shall state in writing the conclusions of fact found separately from the conclusions of law.

{¶20}. " ***

{¶21}. "Findings of fact and conclusions of law required by this rule and by Rule 41(B)(2) are unnecessary upon all other motions including those pursuant to Rule 12, Rule 55 and Rule 56.

{¶22}. "An opinion or memorandum of decision filed in the action prior to judgment entry and containing findings of fact and conclusions of law stated separately shall be sufficient to satisfy the requirements of this rule and Rule 41(B)(2)."

{¶23}. In the case sub judice, appellant filed her request for findings of fact and conclusions of law on September 27, 2013. The judgment entry modifying child support was issued September 18, 2013; however, a clerk's notation on the entry states it was not distributed until September 20, 2013. We find appellant's Civ.R. 52 motion was thus timely.

{¶24}. Furthermore, although the support issue was not "tried" in the sense of a full evidentiary hearing, questions of fact were before the court to be decided based on

submitted memoranda. Therefore, the "tried by the court without a jury" criterion was also met.

{¶25}. We must finally consider whether the decision of September 18, 2013 was a "judgment." Under Civ.R. 54(A), a "judgment" as used in the Civil Rules "includes a decree and *any order from which an appeal lies* as provided in section 2505.02 of the Revised Code." (Emphasis added). In general, when an order does not contemplate further action and no other related issues remain pending, the order normally constitutes a final order. *Elliott v. Rhodes*, 4th Dist. Pickaway No. 10CA26, 2011-Ohio-339, ¶ 17, citing *In re H.T.-W.,* 6th Dist. Lucas No. L-10-1027, 2010-Ohio-1714, ¶ 7. This Court has held that trial court's adoption of a magistrate's decision modifying a parent's child support obligation constitutes a final appealable order*. See Kula v. Kula*, 5th Dist. Holmes No. 08CA9, 2009-Ohio-2910, ¶ 19. Accordingly, we find the trial court judgment entry modifying child support was a final appealable order and a "judgment" for purposes of Civ.R. 52.

{¶26}. "*** [I]n proceedings pertaining to modifying child support orders, the court is required, pursuant to Civ.R. 52, to make findings of fact and state its conclusions of law." *Grandia v. Grandia*, 11th Dist. Lake No. 12-049, 1987 WL 16291. The purpose of separately stating findings of fact and conclusions of law is to create a record which will enable a reviewing court to review and determine the validity of assigned errors. *Mahlerwein v. Mahlerwein,* 160 Ohio App.3d 564, 828 N.E.2d 153, 2005-Ohio-1835, ¶ 22. Under the circumstances of the case sub judice, we find the trial court erred in denying appellant's Civ.R. 52 motion.

{¶27}. Appellant's First Assignment of Error is sustained to the extent that the matter must be remanded for the issuance of findings of fact and conclusions of law. *Cf. Hewitt v. Hewitt*, 5th Dist. Stark No. 2000CA00042, 2000 WL 1289419.

II.

{¶28}. In her Second Assignment of Error, appellant contends the trial court erred in failing to deviate from the guideline worksheet figure.

{¶29}. Based on our above holding, we find appellant's Second Assignment of Error to be premature.

{¶30}. For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Holmes County, Ohio, is hereby reversed and remanded for further proceedings consistent with this opinion.


By: Wise, J.

Gwin, J., concurs.

Hoffman, P. J., dissents without opinion.


JWW/d 0801