[Cite as *Amalgamated Transit Union, AFL-CIO, Local 697 v. Toledo Area Regional Transit Auth.*, 2018-Ohio-2867.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

| | |
|---|---|
| Amalgamated Transit Union, AFL-CIO, Local 697 | Court of Appeals No. L-17-1217 |
| | Trial Court No. CI0201106508 |
| Appellee | |
| v. | |
| Toledo Area Regional Transit Authority | **DECISION AND JUDGMENT** |
| Appellant | Decided: July 20, 2018 |

* * * * *

Joseph S. Pass, for appellee.

Joseph C. Devine and Ryan A. Cates, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Toledo Area Regional Transit Authority ("TARTA"), appeals the following decisions from the Lucas County Court of Common Pleas: (1) the October 26, 2015 and August 19, 2016 denials of TARTA's motions for summary judgment, (2) the July 31, 2017 opinion and judgment entry finding that appellee, Amalgamated Transit

Union, AFL-CIO, Local 697, and TARTA were required to submit the matter to binding interest arbitration, and (3) the August 30, 2017 opinion and judgment entry denying TARTA's Civ.R. 52 motion. For the following reasons, we reverse and remand.

{¶ 2} TARTA sets forth four assignments of error:

1. The trial court erred as a matter of law in granting judgment in favor of [appellee] ATU and ordering the parties to binding interest arbitration over the terms and conditions of a successor, public-sector collective bargaining agreement ("CBA") because the parties did not agree to submit the terms and conditions of a successor CBA to binding interest arbitration.

2. The trial court erred as a matter of law in finding that Ohio courts favor binding interest arbitration to resolve an impasse in negotiations for a successor, public-sector CBA between a public employer and a union.

3. The trial court erred because its July 31, 2017 Opinion and Judgment Entry following a bench trial is against the manifest weight of the evidence.

4. The trial court erred in its August 30, 2017 denial of TARTA's August 7, 2017 request under Ohio Rule of Civil Procedure 52 for separate findings of fact and conclusions of law by failing to state in writing its separate findings of fact and conclusions of law with respect to its July 31, 2017 Opinion and Judgment Entry.

2.

{¶ 3} We will first consider TARTA's fourth assignment of error as we find it procedurally dispositive for purposes of this appeal.

{¶ 4} TARTA argues the trial court erred in not issuing separate findings of fact and conclusions of law following the bench trial. TARTA contends the trial court did not engage in any analysis to support its conclusion "that 'the instant labor dispute was related to [TARTA's] receipt of federal funding,'" before the court "then entered judgment in favor of [appellee] and ordered the parties to binding interest arbitration." TARTA submits it filed a motion, pursuant to Civ.R. 52, for the court to issue findings of fact and conclusions of law, which the court denied.

{¶ 5} Appellee counters the parties' dispute involved a question of law and no question of material facts. Appellee submits the trial court determined that "the question to be decided is a matter of law. Specifically, the Court held, '…that while it could not conclude as a matter of law on summary judgment that the instant labor dispute was related to Defendant's receipt of federal funding, it does find- after hearing a trial on the merits- that this is indeed the case.'"

{¶ 6} TARTA responded "[o]bviously, the trial court denied summary judgment because it concluded there were genuine issues of material fact that required a trial."

### Civ.R. 52 and Case Law

{¶ 7} Civ.R. 52 provides, in relevant part:

When questions of fact are tried by the court without a jury,

judgment may be general for the prevailing party unless one of the parties

3.

in writing requests otherwise before the entry of judgment * * * or not later than seven days after the party filing the request has been given notice of the court's announcement of its decision, whichever is later, in which case, the court shall state in writing the conclusions of fact found separately from the conclusions of law.

When a request for findings of fact and conclusions of law is made, the court, in its discretion, may require any or all of the parties to submit proposed findings of fact and conclusions of law; however, only those findings of fact and conclusions of law made by the court shall form part of the record.

{¶ 8} "The provisions of Civ. R. 52 are mandatory in any situation in which questions of fact are tried by the court without intervention of a jury." *Werden v. Crawford*, 70 Ohio St.2d 122, 124, 435 N.E.2d 424 (1982). "'The test for determining whether a trial court's opinion satisfies the requirements of Civ.R. 52 is whether the contents of the opinion, when considered together with other parts of the record, form an adequate basis upon which to decide the narrow legal issues presented.'" (Citation omitted.) *State ex rel. Gilbert v. City of Cincinnati*, 125 Ohio St.3d 385, 2010-Ohio-1473, 928 N.E.2d 706, ¶ 38. "[T]he findings and conclusions must articulate an adequate basis upon which a party can mount a challenge to, and the appellate court can make a determination as to the propriety of, resolved disputed issues of fact and the trial court's

application of the law." *Kroeger v. Ryder*, 86 Ohio App.3d 438, 442, 621 N.E.2d 534 (6th Dist.1993).

### Trial Court's Judgments

{¶ 9} In its July 31, 2017 opinion and judgment entry, following the January 19, 2017 bench trial, the trial court issued its decision. In its analysis, the court set forth:

> It is noteworthy that after trial, the facts before the Court are much the same as those before it during both of the parties' cross-motions for summary judgment. This Court notes while it could not conclude as a matter of law on summary judgment that the instant labor dispute was related to [TARTA's] receipt of federal funding, it does find – after hearing a trial on the merits – that this is indeed the case. [Appellee] is therefore entitled to invoke the binding interest arbitration provision set forth in the parties' * * * Agreement. While the facts of this case present the Court with an exceptionally close call, the Court is guided by the prevalent legal principle in Ohio that court's [sic] favor arbitration.

{¶ 10} In its August 30, 2017 opinion and judgment entry, the trial court denied TARTA's Civ.R. 52 motion for separate findings of fact and conclusions of law. The court reasoned "this Court already asserted its finding(s) of fact and conclusion(s) of law by way of its July 31, 2017, Opinion and Judgment Entry." The court noted it had set forth in its July 31, 2017 judgment that: "'[t]he parties largely agree on the background facts which underlie [sic] their labor dispute * * *. In fact, the only factual

5.

issue before the Court – and the issue which decides this case – is very simple:  Is the parties' labor dispute related to TARTA's receipt of federal funding?'"  The court observed "[b]ecause the parties agreed prior to, and at, trial on all material facts with the exception of whether the parties' labor dispute was related to federal funding, this was the only finding of fact the Court was required to make."  The court then concluded "the parties['] labor dispute 'was related to [TARTA's] receipt of federal funding.'  This served as the Court's only required finding of fact, because it was the only material fact in dispute."

## Analysis

{¶ 11} The record shows TARTA timely moved the trial court for separate findings of fact and conclusions of law by filing its written motion within seven days of the trial court's decision.  The record further shows that the day after the bench trial, the court ordered the parties to file their findings of fact and conclusions of law.  Both parties filed proposed findings of fact and conclusions of law on April 24, 2017.  We therefore find that TARTA complied with the procedural requirement of Civ.R. 52.

{¶ 12} After considering the trial court's July 31, 2017 judgment, along with the record, we conclude the trial court did not set forth an adequate basis for its decision such that TARTA can mount a challenge and we can accurately decide the issues presented on appeal.  The trial court's general finding in its July 31, 2017 judgment does not provide the grounds or justification for its finding that the parties' labor dispute related to TARTA's receipt of federal funding.  Consequently, pursuant to Civ.R. 52, the trial court

6.

was required to file separate findings of fact and conclusions of law, which it did not do. Accordingly, TARTA's fourth assignment of error is found well-taken.

{¶ 13} The July 31, 2017 and August 30, 2017 judgments of the Lucas County Court of Common Pleas are reversed, and this cause is remanded to that court for the purpose of providing separate findings of fact and conclusions of law. In following our order on remand, the trial judge must vacate the July 31, 2017 judgment and re-enter that judgment as of the date that the findings of fact and conclusions of law are entered.

{¶ 14} Having found TARTA's fourth assignment of error well-taken, TARTA's remaining assignments of error are rendered moot. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24(A).

Judgments reversed, in part.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

7.

Arlene Singer, J.                    _____
                                                JUDGE

James D. Jensen, J.

                                     _____
Christine E. Mayle, P.J.                         JUDGE
CONCUR.

                                     _____
                                                JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.