OPINION
{¶ 1} Defendant-appellant Robert R. Nickel ("husband") appeals the August 12, 2004 Final Judgment Decree of Divorce entered by the Licking County Court of Common Pleas, Domestic Relations Division. Plaintiff-appellee is Nancy Nickel ("wife").
 STATEMENT OF THE FACTS AND CASE {¶ 2} Husband and wife were married on July 6, 1964 in Columbus, Ohio. "All children born of this marriage are emancipated."[1]
 {¶ 3} On July 21, 2003, wife filed a Complaint for Divorce in the Licking County Court of Common Pleas, Domestic Relations Division. Husband filed an answer and counterclaim for divorce. In his answer, husband asked the trial court to dismiss wife's complaint against him, asserting the trial court was without jurisdiction to hear the matter as wife was not a resident of Licking County.
 {¶ 4} Via Magistrate Order filed August 28, 2003, the parties were ordered to pay their marital debts as set forth in wife's financial affidavit filed with her complaint. The trial court scheduled the final hearing for July 19, 2004. Wife appeared with counsel at the hearing. Although counsel for husband appeared, husband did not appear. Husband's counsel requested a continuance, which the trial court denied. Via Final Judgment Decree of Divorce filed August 12, 2004, the trial court found the parties were incompatible and granted wife a divorce. The trial court did not order either party to pay spousal support. The trial court awarded wife the real estate located at 48 Depot Street and 51 Depot Street in Pataskala, Licking County, Ohio. The trial court found the parties had already divided their personal property and awarded those items currently in his or her possession, free from any right or claim by the other. The trial court awarded husband the gun collection and coin collection. The trial court ordered husband to assume and pay any medical debts incurred by wife and any IRS tax liability for 1998 to 2004. The trial court ordered wife to assume and pay four credit card debts; the bank loan on the real estate; the 2004 real estate taxes; and the personal property tax on 51 Depot Street. The trial court ordered husband to reimburse wife for any medical expenses paid by wife as a result of husband's medical treatment.
 {¶ 5} It is from this final judgment decree of divorce husband appeals, raising the following assignments of error:
 {¶ 6} "I. The trial court lacked jurisdiction to hear this matter in that the plaintiff was not a bona fide resident of licking county.
 {¶ 7} "II. The trial court erred in its assessment and division of marital assets and liability and that such property division represents an unreasonable, arbritary [sic], unconisicable [sic] and grossly inequitable division of the marital asset and liabilities.
 {¶ 8} "III. The trial court erred in failing to provide a written finding of facts with respect to the division of the marital assets."
 I {¶ 9} In his first assignment of error, husband maintains the trial court lacked jurisdiction to hear the matter because wife was not a bona fide resident of Licking County.
 {¶ 10} The record reveals no tape recording or other report of the evidence or proceeding was made in this matter. Accordingly, husband must submit a summary of the proceedings to the trial court for its approval pursuant to App. R. 9(C).
 {¶ 11} App. R. 9(C) reads:
 {¶ 12} "If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement shall be served on the appellee no later than twenty days prior to the time for transmission of the record pursuant to App.R. 10, who may serve objections or propose amendments to the statement within ten days after service. The statement and any objections or proposed amendments shall be forthwith submitted to the trial court for settlement and approval. The trial court shall act prior to the time for transmission of the record pursuant to App.R. 10, and, as settled and approved, the statement shall be included by the clerk of the trial court in the record on appeal."
 {¶ 13} On November 29, 2004, husband filed a Subnopsis of Record for Hearing on July 19, 2004, in the trial court. App. R. 9(C) requires approval of the statement of evidence or proceedings by the trial court prior to the transmission of the record. The instant record is devoid of any showing the trial court approved husband's subnopsis. Assuming, arguendo, the trial court did approve the subnopsis, we find it is an insufficient reconstruction of the evidence and proceedings to overcome the presumption of regularity mandated by Knapp v. Edwards Lab. (1980),61 Ohio St.2d 197, 199.
 {¶ 14} Husband's first assignment of error is overruled.
 III {¶ 15} For ease of discussion, we shall address husband's third assignment of error next. Herein, husband submits the trial court erred in failing to include written findings of fact relative to the division of the marital assets in the divorce decree in contravention of R.C.3105.171(G).
 {¶ 16} R.C. 3105.171(G) provides:
 {¶ 17} "In any order for the division or disbursement of property or a distributive award made pursuant to this section, the court shall make written findings of fact that support the determination that the marital property has been equitably divided and shall specify the dates it used in determining the meaning of `during the marriage.'"
 {¶ 18} In its final judgment decree of divorce, the trial court stated:
 {¶ 19} "The Court finds that the period of "during the marriage" as defined in Ohio Revised Code 3105.171 shall be from the date of marriage through the parties' date of separation, to wit: June, 2004. The Court further finds that it has reviewed the statutory factors set forth in Ohio Revised Code 3105.18(C) and Ohio Revised Code 3105.171(F), reviewed the pleadings and evidence presented herein, and finds the following distribution of assets and liabilities to be fair, appropriate and equitable.
* * *
 {¶ 20} "B. REAL ESTATE: The real estate located at 48 Depot Street and 51 Depot Street, Pataskala, Lickign County, Ohio, * * * shall both be granted to plaintiff, free and clear of any claim of defendant. * * * Plaintiff shall assume and pay the insurance premiums for fire and extended coverage, real estate taxes, and the mortgage owing thereon, and shall hold defendant safe and harmless thereon. The defendant shall execute quit claim deeds transferring his interest to plaintiff within 30 days.
 {¶ 21} "C. MOTOR VEHICLES: Plaintiff is hereby warded the 1997 Toyota, free and clear of any claim of defendant. Defendant is hereby awarded the 1981 Cadillac, the 1991 Ford Econoline, the 1979 Ford F150, the 1977 Lincoln, and the 1986 Nissan, free and clear of any claim of plaintiff.
 {¶ 22} "D. PERSONAL PROPERTY: The parties hereto have already divided the personal property, and each is awarded those items currently in his or her possession, free from any right or claim by the other. Defendant is awarded the gun collection and coin collection.
 {¶ 23} "E. FINANCIAL ACCOUNTS: The parties hereto have already divided the financial accounts, and each is awarded those accounts currently held in his or her sole names, free from any right or claim by the other.
 {¶ 24} "F. PENSION AND/OR RETIREMENT BENEFITS: Each party is awarded any pension and/or retirement benefit which such party has accrued in his or her own name, free from any right or claim by the other.
 {¶ 25} "G. BUSINESS: The defendant is awarded his interest in Nickel Enterprises, Inc., including any accounts receivable, vehicles, tools and equipment, free of all claims of the plaintiff.
 {¶ 26} "H. DEBTS: Defendant shall assume and pay the following debts and save the plaintiff harmless thereon the medical debts incurred by defendant and (the Court finds that it was unaware of defendant's tax obligations and therefore defendant is totally responsible) any IRS tax liability for 1998 to 2004. Plaintiff shall assume and pay the following debts, held in either her sole name or joint with defendant, and save and hold defendant harmless thereon: Discover, Target, HNB Mastercard, Providian, the HNB loan on the above-listed real estate, 2004 real estate taxes, the person property tax on 51 Depot Street, Pataskala, OH 43062. Any medical expenses paid by plaintiff that are due to defendant's medical treatment shall constitute a judgment against defendant."
 {¶ 27} We find the aforequoted does not satisfy the mandate of R.C.3105.171(G). Even though wife's Exhibit 1, which is a summary of the parties' assets and liabilities, was admitted into evidence at the July 19, 2004 hearing, there is no evidence in the record to establish the trial court approved, adopted, or incorporated said exhibit into it Final Judgment Decree of Divorce. The exhibit contains interlineations and handwritten values with no indication as to by whom these changes were made.
 {¶ 28} Without determining the values associated with the parties' marital assets and liabilities, we find the trial court has failed to indicate the basis for its allocation of the parties' assets and liabilities in sufficient detail for us to review and as required by R.C. 3105.171(G). Accordingly, husband's third assignment of error is sustained.
 II {¶ 29} In his second assignment of error, husband asserts the trial court's assessment and division of the marital assets and liabilities was inequitable. In light of our disposition of husband's third assignment of error, we find his second assignment of error to be premature.
 {¶ 30} The judgment of the Licking County Court of Common Pleas, Domestic Relations Division, is affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion and the law.
Hoffman, J. Boggins, P.J. and Farmer, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Licking County Court of Common Pleas, Domestic Relations Division, is affirmed in part, reversed in part, and remanded to the trial court for further proceedings consistent with this opinion and the law. Costs to be assessed equally.
[1] August 12, 2004 Final Decree of Divorce. We note, however, wife's Complaint for Divorce avers, "No children have been born of this marriage." Complaint at para. 3.