OPINION
{¶ 1} Appellant, Keli J. Ault, appeals from the July 11, 2006 Decree of Divorce and Shared Parenting Decree of the Licking County Court of Common Pleas Domestic Relations Division.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On August 8, 2005, appellee, Rick L. Ault, filed a complaint for divorce against appellant. The parties were married in Licking *Page 2 
County, Ohio, on October 18, 2003, and one child was born to the parties prior to the marriage. Seth H. Ault was born on April 4, 2001. Appellee sought a divorce on the grounds that the parties were incompatible and that the Appellant was guilty of extreme cruelty.
 {¶ 3} Prior to the final divorce hearing, the trial court issued several orders including temporary custody and support, visitation, contempt and a restraining order against appellant.
 {¶ 4} A final divorce hearing was held on April 10, 2006 before the trial court.
 {¶ 5} The trial court issued a Decree of Divorce and Shared Parenting on July 11, 2006. In the decree, the trial court noted "no record".
 {¶ 6} Appellee filed a Notice of Appeal and a request for transcript on August 7, 2006.
 {¶ 7} On August 10, 2006, the Court Reporter responded to the transcript request stating there was no recording of the April 10, 2006 proceedings.
 {¶ 8} On August 28, 2006, appellant filed a Statement of Evidence pursuant to Appellate Rule 9(C). *Page 3 
 {¶ 9} It is from the July 11, 2006, Decree of Divorce and Shared Parenting Decree that appellant appeals, raising the following four assignments of error:
 ASSIGNMENTS OF ERROR {¶ 10} "I. THE TRIAL COURT ERRED IN REQUIRING THAT THE APPELLANT PAY AN AUTOMOBILE LOAN FROM HER PORTION OF THE PROCEEDS FROM THE SALE OF THE MARITAL RESIDENCE AND WITHOUT CONSIDERING THE TAX CONSEQUENCES.
 {¶ 11} "II. THE TRIAL COURT ERRED IN REQUIRING THE APPELLANT TO PAY OFF MARITAL DEBTS WITH HER PORTION OF A FEDERAL INCOME TAX RETURN.
 {¶ 12} "III. THE TRIAL COURT ERRED IN ORDERING THAT IF THE APPELLANT MOVES FROM THE HEATH SCHOOL DISTRICT THEN THE APPELLEE SHALL AUTOMATICALLY BE DESIGNATED THE RESIDENTIAL PARENT FOR SCHOOL PURPOSES.
 {¶ 13} "IV. THE TRIAL COURT ERRED IN ITS CALCULATION OF THE APPELLEE'S CHILD SUPPORT OBLIGATION."
 {¶ 14} Before addressing the appellant's assignments of error, we must discuss the state of the record before this Court.
 {¶ 15} The record reveals that no transcript, tape recording or other report of the evidence or proceeding was made in this matter. *Page 4 
 {¶ 16} App. R. 9(C) reads:
 {¶ 17} "If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement shall be served on the appellee no later than twenty days prior to the time for transmission of the record pursuant to App. R. 10, who may serve objections or propose amendments to the statement within ten days after service. The statement and any objections or proposed amendments shall be forthwith submitted to the trial court for settlement and approval. The trial court shall act prior to the time for transmission of the record pursuant to App. R. 10, and, as settled and approved, the statement shall be included by the clerk of the trial court in the record on appeal."
 {¶ 18} On August 28, 2006, appellant served upon appellee and filed a "Statement of Evidence Pursuant to Appellate Rule 9(C)". No objections or proposed amendments to the statement were made by appellee. Nevertheless, App. R. 9(C) requires approval of the statement of evidence or proceedings by the trial court prior to the transmission of the record. The instant record is devoid of any showing the trial court approved appellant's statement. In State v. Schiebel (1990),55 Ohio St.3d 71, 81-82, the Ohio Supreme Court held that pursuant to App.R. 9(C) and (D), the trial court must consider the accuracy and truthfulness of a proposed statement of evidence or proceedings or an agreed statement. The trial court must approve it and sign it.Id.
 {¶ 19} Absent an appropriate statement authorized by the Appellate Rules, we must presume the regularity of the proceedings below and affirm. Nickel v. Nickel, *Page 5 
Licking App. No. 2004CA00072, 2005-Ohio-3050, citing Knapp v. EdwardsLab. (1980), 61 Ohio St.2d 197, 199.
 {¶ 20} This Court has reviewed the statement of evidence submitted by appellant. We find it an insufficient reconstruction of the evidence and proceedings to overcome the presumption of regularity. It also is inadequate for us to evaluate the merits of appellant's assignments of error.
 {¶ 21} For the foregoing reasons, the judgment of the Licking County Court is affirmed. By: Delaney, J. Gwin, P.J. and Hoffman, J. concur JUDGES
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Licking County Court of Common Pleas is affirmed. Costs assessed to appellant.
 Gwin, P.J. and Hoffman, J. concur *Page 1