DECISION AND JUDGMENT ENTRY
{¶ 1} Wendell Johnston appeals the trial court's judgment granting a permanent injunction in favor of several of his neighbors. Among his assignments of error, he contends the trial court failed to consider the legal defenses of waiver, estoppel, and laches that he raised in his answer. To a limited extent, we agree. Our review of the record indicates that in its extensive "Findings of Fact and Conclusions of Law," the trial court does not explicitly address whether Johnston carried his burden of proof on his affirmative defenses of estoppel and laches or whether they even apply in this context. The court clearly considered and rejected the defense of waiver, however.
 {¶ 2} Under Civ.R. 52, the purpose of the trial court's issuance of findings of fact and conclusions of law is "`to aid the appellate court in reviewing the record and determining the validity of the basis of the trial court's judgment.'" *Page 2 
 In re Adoption of Gibson (1986), 23 Ohio St.3d 170, 172,492 N.E.2d 146, 147, quoting Werden v. Crawford (1982), 70 Ohio St.2d 122, 124,435 N.E.2d 424, 426. In light of its purpose, there is no precise rule concerning what is required of the trial court in order to comply with Civ.R. 52. Generally, however, the findings and conclusions must articulate an adequate basis upon which a party can mount a challenge to, and the appellate court can make a determination as to the propriety of, resolved disputed issues of fact and the trial court's application of the law. Stone v. Davis (1981), 66 Ohio St.2d 74, 85,419 N.E.2d 1094, 1101.
 {¶ 3} Here, because the trial court failed to address Johnston's legal defenses of estoppel and laches in its findings of fact and conclusions of law, we are unable to effectively review the trial court's judgment. Accordingly, we remand this matter to the trial court for an express consideration and determination of those defenses. The remainder of Johnston's assignments of error are moot.
 JUDGMENT REVERSED AND CAUSE REMANDED. *Page 3 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND CAUSE REMANDED and that Appellant recover of Appellees costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Hocking County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 Abele, J. Kline, J.: Concur in Judgment and Opinion. *Page 1