OPINION *Page 2 
 STATEMENT OF THE FACTS AND CASE {¶ 1} Appellant, Ellan Gregrow (Mother), appeals from the decision of the Stark County Common Pleas Court, Family Court Division, to grant child support. Appellee is Terrance A. Logan (Father).
 {¶ 2} Mother and Father lived together in Massillon, Ohio, but were not married. Mother and Father had two children: J'Erik A. Logan was born 2/21/1998 and Alyssa A. Logan was born 4/6/2000. Mother and Father separated on July 15, 2002.
 {¶ 3} Father filed a Complaint for Allocation of Parental Rights and Responsibilities on August 13, 2002 requesting legal custody of the children. The parents continued to reside separately in Massillon, Ohio, and cooperated for the most part in parenting.
 {¶ 4} In March of 2004, Mother relocated to Hinckley, Ohio, to live with her boyfriend. This relocation created difficulty due to the 40 mile commute between Mother's residence and Father's residence. Mother entered the children into counseling with Dr. Patti Milsaps-Linger.
 {¶ 5} In its December 2005 Judgment Entry, the trial court designated Father the residential parent. The trial ordered counsel for both parties to file an agreed entry, along with a child support guideline worksheet providing for support to be paid by Mother to Father. Mother did not raise the issue of deviation at this hearing. A transcript was not provided for the December 2005 hearing.
 {¶ 6} The entry was not filed. In May 2006, Mother filed a motion requesting Father's 2005 tax return so that a child support guideline worksheet could be prepared. *Page 3 
Both parties submitted proposed worksheets for the August 1, 2006 hearing. Mother's worksheet, however, included a 25 percent deviation from the worksheet-calculated amount based upon the amount of her parenting time. Moreover, Mother failed to request an evidentiary hearing for the purpose of satisfying her burden of demonstrating that the worksheet-calculated amount of support was unjust, inappropriate, and contrary to the best interest of the children.
 {¶ 7} In its Judgment Entry filed August 3, 2006, the trial court denied Mother's request for a deviation, and ordered her to pay child support in the amount of $465 per month. The trial court determined that the factors set forth in R.C. § 3119.23 did not warrant a deviation, despite the amount of parenting time she enjoyed. Among the other statutory factors, the court considered the fact that Mother was sharing living expenses with her live-in boyfriend.
 {¶ 8} Mother appealed raising the following assignments of error:
 {¶ 9} "I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION TO THE PREJUDICE OF THE DEFENDANT — APPELLANT IN FAILING TO CONSIDER THE FACT THAT THE DEFENDANT — APPELLANT HAS COMPANIONSHIP WITH THE TWO MINOR CHILDREN DURING THE SUMMER BEGINNING THE FIRST SUNDAY AFTER SCHOOL IS OUT UNTIL ONE WEEK PRIOR TO SCHOOL BEGINNING IN ADDITION TO ONE-HALF OF THE CHRISTMAS HOLIDAY, ONE-HALF OF SPRING BREAK, EVERY OTHER WEEKEND, ONE MID-WEEK FROM AFTER SCHOOL UNTIL 7:00 P.M. AND HOLIDAYS AND DAYS OF SPECIAL MEANING AS PER SCHEDULE `A'. *Page 4 
 {¶ 10} "II. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION TO THE PREJUDICE OF THE DEFENDANT — APPELLANT IN CONSIDERING ALLEGED BENEFITS RECEIVED BY THE DEFENDANT — APPELLANT FROM SHARING LIVING EXPENSES WITH ANOTHER PERSON WHEN NO EVIDENCE WAS PRESENTED REGARDING THE SAME.
 {¶ 11} "III. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION TO THE PREJUDICE OF THE DEFENDANT — APPELLANT IN DENYING DEFENDANT-APPELLANT'S REQUEST FOR FINDINGS OF FACT AND CONCLUSIONS OF LAW."
 I. {¶ 12} In her first assignment of error, Mother argues the trial court erred in failing to consider the amount of time Mother spends with the children in calculating child support.
 {¶ 13} The standard of review in child support determinations is abuse of discretion. Booth v. Booth (1989), 44 Ohio St.3d 142,541 N.E.2d 1028. In order to find an abuse of discretion, we must determine whether the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 450 N.E.2d 1140. We must look at the totality of the circumstances in the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably.
 {¶ 14} Revised Code § 3119.22 states:
 {¶ 15} "The court may order an amount of child support that deviates from the amount of child support that would otherwise result from the use of the basic child support schedule and the applicable worksheet, through the line establishing the actual *Page 5 
annual obligation, if, after considering the factors and criteria set forth in section 3119.23 of the Revised Code, the court determines that the amount calculated pursuant to the basic child support schedule and the applicable worksheet, through the line establishing the actual annual obligation, would be unjust or inappropriate and would not be in the best interest of the child.
 {¶ 16} "If it deviates, the court must enter in the journal the amount of child support calculated pursuant to the basic child support schedule and the applicable worksheet, through the line establishing the actual annual obligation, its determination that that amount would be unjust or inappropriate and would not be in the best interest of the child, and findings of fact supporting that determination."
 {¶ 17} Revised Code § 3119.23 states:
 {¶ 18} "The court may consider any of the following factors in determining whether to grant a deviation pursuant to section 3119.22 of the Revised Code:
 {¶ 19} "(A) Special and unusual needs of the children;
 {¶ 20} "(B) Extraordinary obligations for minor children or obligations for handicapped children who are not stepchildren and who are not offspring from the marriage or relationship that is the basis of the immediate child support determination;
 {¶ 21} "(C) Other court-ordered payments;
 {¶ 22} "(D) Extended parenting time or extraordinary costs associated with parenting time, provided that this division does not authorize and shall not be construed as authorizing any deviation from the schedule and the applicable worksheet, through the line establishing the actual annual obligation, or any escrowing, impoundment, or *Page 6 
withholding of child support because of a denial of or interference with a right of parenting time granted by court order;
 {¶ 23} "(E) The obligor obtaining additional employment after a child support order is issued in order to support a second family;
 {¶ 24} "(F) The financial resources and the earning ability of the child;
 {¶ 25} "(G) Disparity in income between parties or households;
 {¶ 26} "(H) Benefits that either parent receives from remarriage or sharing living expenses with another person;
 {¶ 27} "(I) The amount of federal, state, and local taxes actually paid or estimated to be paid by a parent or both of the parents;
 {¶ 28} "(J) Significant in-kind contributions from a parent, including, but not limited to, direct payment for lessons, sports equipment, schooling, or clothing;
 {¶ 29} "(K) The relative financial resources, other assets and resources, and needs of each parent;
 {¶ 30} "(L) The standard of living and circumstances of each parent and the standard of living the child would have enjoyed had the marriage continued or had the parents been married;
 {¶ 31} "(M) The physical and emotional condition and needs of the child;
 {¶ 32} "(N) The need and capacity of the child for an education and the educational opportunities that would have been available to the child had the circumstances requiring a court order for support not arisen;
 {¶ 33} "(O) The responsibility of each parent for the support of others;
 {¶ 34} "(P) Any other relevant factor. *Page 7 
 {¶ 35} "The court may accept an agreement of the parents that assigns a monetary value to any of the factors and criteria listed in this section that are applicable to their situation.
 {¶ 36} "If the court grants a deviation based on division (P) of this section, it shall specifically state in the order the facts that are the basis for the deviation."
 {¶ 37} In the case sub judice, the trial court denied Mother's request for a deviation citing several of these factors. Specifically, the trial court notes that Mother already received credit for child care, the disparity of income between Mother and Father, Mother shares living expenses with another, and Mother also received credit for the support another child.
 {¶ 38} Upon review of the record, we find the trial court did not abuse its discretion in denying a deviation in the amount of child support owed by Mother. Accordingly, Mother's first assignment of error is overruled.
 II. {¶ 39} In Mother's second assignment of error, she argues that the trial court erred in rejecting her request for a child support deviation because there was not any evidence that she shared expenses with her boyfriend.
 {¶ 40} The record herein reveals only a transcript of the proceedings on August 1, 2006. There is no indication in the transcript that the trial court or counsel raised the issue of child support deviation in light of shared expenses of Mother with her boyfriend. Mother did not attempt to cover any deficiency in the record with a statement pursuant to App. R. 9(C).
 {¶ 41} App. R. 9(C) reads: *Page 8 
 {¶ 42} "If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement shall be served on the appellee no later than twenty days prior to the time for transmission of the record pursuant to App. R. 10, who may serve objections or propose amendments to the statement within ten days after service. The statement and any objections or proposed amendments shall be forthwith submitted to the trial court for settlement and approval. The trial court shall act prior to the time for transmission of the record pursuant to App. R. 10, and, as settled and approved, the statement shall be included by the clerk of the trial court in the record on appeal."
 {¶ 43} Absent an appropriate statement authorized by the Appellate Rules, we must presume the regularity of the proceedings below and affirm. Nickel v. Nickel, Licking App. No. 2004CA00072, 2005-Ohio-3050, citing Knapp v. Edwards Lab. (1980), 61 Ohio St.2d 197, 199.
 {¶ 44} We find it an insufficient reconstruction of the evidence and proceedings to overcome the presumption of regularity. It also is inadequate for us to evaluate the merits of Mother's second assignment of error.
 III. {¶ 45} In the third and final assignment of error, Mother argues that the trial court erred by denying her request for specific findings of fact and conclusions of law. We disagree.
 {¶ 46} It is certainly not error for the trial court to prepare its own findings of fact and conclusions of law. MacDowell v. DeCarlo, 9th Dist. No. 23281, 2007-Ohio-249. *Page 9 
 {¶ 47} The purpose of the trial court's issuance of findings of fact and conclusions of law is "`to aid the appellate court in reviewing the record and determining the validity of the basis of the trial court's judgment.'" Hahn v. Johnston, 4th Dist. No. 06CA16, 06CA19, 2007-Ohio-2800. Under Civ.R. 52, citing, In re Adoption ofGibson (1986), 23 Ohio St.3d 170, 172, 492 N.E.2d 146, 147, quotingWerden v. Crawford (1982), 70 Ohio St.2d 122, 124, 435 N.E.2d 424, 426. In light of its purpose, there is no precise rule concerning what is required of the trial court in order to comply with Civ.R. 52. Generally, however, the findings and conclusions must articulate an adequate basis upon which a party can mount a challenge to, and the appellate court can make a determination as to the propriety of, resolved disputed issues of fact and the trial court's application of the law. Stone v. Davis (1981), 66 Ohio St.2d 74, 85, 419 N.E.2d 1094,1101.
 {¶ 48} The trial court's decision is thorough and well reasoned. The trial court did not make a deviation in child support; therefore, it was not required to make specific findings as to why it denied Mother's deviation. The trial court clearly considered the statutory factors and under its analysis Mother was not entitled to deviation. *Page 10 
 {¶ 49} Appellant's third assignment of error is overruled
 {¶ 50} The judgment of the Stark County court of Common Pleas, Family Court Division is affirmed.
 Delaney, J., Gwin, P.J. and Wise, J. concur. *Page 11 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas, Family Court Division, is affirmed. Costs assessed to appellant. *Page 1