[Cite as *Gulley v. Gulley*, 2018-Ohio-4192.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| JODY GULLEY | JUDGES:<br>Hon. John W. Wise, P. J.<br>Hon. Patricia A. Delaney, J.<br>Hon. Craig R. Baldwin, J. |
|     Plaintiff-Appellant | |
| -vs- | Case No. 2018 CA 00013 |
| BENJAMIN GULLEY | |
|     Defendant-Appellee | O P I N I O N |


CHARACTER OF PROCEEDING:    Civil Appeal from the Court of Common Pleas, Domestic Relations Division, Case No. 2016 DR 00930


JUDGMENT:    Affirmed


DATE OF JUDGMENT ENTRY:    October 15, 2018


APPEARANCES:

For Plaintiff-Appellant

JEFFREY V. HAWKINS
One Cascade Plaza, Suite 2210
Akron, Ohio 44308

For Defendant-Appellee

MITCHELL A. MACHAN
3810 West Tuscarawas Street
Canton, Ohio 44708

*Wise, P. J.*

{¶1} Plaintiff-Appellant Jody A. Gulley appeals from her divorce in the Stark County Court of Common Pleas, Domestic Relations Division. Defendant-Appellee Benjamin C. Gulley is her former spouse. The relevant facts leading to this appeal are as follows.

{¶2} The parties herein were married in July 2013 in Canton, Ohio. One child was born of the marriage.

{¶3} On September 28, 2016, Appellant Jody, with the assistance of counsel, filed a complaint for legal separation in Stark County, along with a motion for temporary orders. On the same day, the trial court issued a standard restraining order.

{¶4} On October 17, 2016, appellant filed a notice of withdrawal of her aforesaid request for temporary orders. On October 19, 2016, appellant filed a notice of service of her request for the production of documents.

{¶5} However, on January 26, 2017, appellant's then-counsel filed a motion to withdraw from representation, stating that appellant "wish[ed] to proceed *** on a *pro se* basis or until such time as she obtains new counsel." The trial court issued a judgment entry permitting counsel to withdraw on that day.

{¶6} On January 30, 2017, appellant's present counsel filed a notice of appearance.

{¶7} In the meantime, appellee, via counsel, filed for leave to file a responsive pleading *instanter*. The trial court granted such leave on January 31, 2017. The same day, appellee filed a combined answer to appellant's complaint for legal separation and a counterclaim for divorce. Appellee also therein claimed the existence of an antenuptial

agreement between the parties. He attached an unsigned copy of same to his counterclaim.

**{¶8}** On February 21, 2017, appellant filed an answer to appellee's divorce counterclaim.

**{¶9}** Following a pre-trial hearing, a domestic relations magistrate issued a decision on March 9, 2017, finding there had been no demonstration of a valid antenuptial agreement binding either party.

**{¶10}** Appellee filed objections to the aforesaid magistrate's decision on March 16, 2017. However, on April 17, 2017, the trial court overruled the objections of the appellee.

**{¶11}** In the meantime, the court's assignment commissioner had set the case for a trial on May 11, 2017. On May 4, 2017, appellant filed a motion to convert the trial scheduled for May 11, 2017 to a pretrial conference. The trial court denied this request on May 4, 2017.

**{¶12}** Nonetheless, when the parties appeared on May 11, 2017, the assigned magistrate sustained a renewed motion to convert the trial to a pretrial, and she rescheduled the divorce trial for July 21, 2017, which ultimately went forward.

**{¶13}** The evidence at said trial established that appellee was, at the times pertinent to the case, the owner of a scrapping and repair business known as Appliance and More, LLC. At about the time the parties herein separated, appellee had started another business, selling used automobiles, known as Steadfast Motors.

**{¶14}** Appellant presented *inter alia* the testimony of John P. Davis, CPA. Tr. at 13-46. Furthermore, counsel for appellee stipulated that Davis was qualified to give expert

testimony in this matter. Tr. at 14. Davis thereupon testified using forensic accountancy techniques, but he emphasized that he had not done a full business valuation.

**{¶15}** On October 25, 2017, the magistrate issued a 23-page decision on the merits. Among other things, spousal support was awarded to appellant in the amount of $2,100.00 per month for a period of one year. On the child support worksheet, the trial court *inter alia* listed appellant's gross receipts from his businesses as $1,223,903.00, with ordinary expenses of $1,182,031.00, and an "adjusted AGI" of $39,527.17. His obligation, with processing charges, was thus calculated as $76.23 per month, with the provision of insurance.[1]

**{¶16}** Furthermore, appellee was awarded ownership of both of his businesses, with no marital property interest awarded to appellant. However, appellant was held harmless on any outstanding business debt.

**{¶17}** On November 8, 2017, appellant filed objections under Civ.R. 53. On January 2, 2018, appellant filed a brief in support of her objections.

**{¶18}** On January 8, 2018, the trial court issued a ruling adopting the magistrate's decision and overruling the objections. A final judgment entry of divorce was approved and filed on January 22, 2018.

**{¶19}** On February 8, 2018, appellant, former wife, filed a notice of appeal. She herein raises the following two Assignments of Error:

**{¶20}** "I. THE TRIAL COURT ERRED IN SUSTAINING THE MAGISTRATE'S DECISION IN REGARDS TO THE INCOME OF THE DEFENDANT/APPELLEE.

---

[1] On August 8, 2018, while the present appeal was pending, the parties reached an agreement, approved by the trial court, to modify child support to $433.71 per month, effective August 1, 2018.

**{¶21}** "II.  THE TRIAL COURT ERRED IN SUSTAINING THE MAGISTRATE'S DECISION IN THAT THE DECISION DID NOT PLACE ANY VALUE ON THE MARITAL BUSINESSES AND ACCORDINGLY ERRED IN NOT AWARDING THE PLAINTIFF A MONETARY AWARD AS HER INTEREST IN THE MARITAL BUSINESSES."

I.

**{¶22}** In her First Assignment of Error, appellant contends the trial court erred in calculating appellee's income for purposes of establishing his spousal support and child support obligations. We disagree.

**{¶23}** R.C. 3105.18(C)(1) provides, in pertinent part, as follows in regard to a trial court's adjudication of the issue of spousal support:

In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors: (a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code; (b) The relative earning abilities of the parties; ***.

**{¶24}** While R.C. 3105.18(C)(1), *supra,* does set forth fourteen factors the trial court must consider, if the court does not specifically address each factor in its order, a reviewing court will presume each factor was considered, absent evidence to the contrary. *Carroll v. Carroll,* 5th Dist. Delaware No. 2004–CAF–05035, 2004–Ohio–6710, ¶ 28,

citing *Watkins v. Watkins,* 5th Dist. Muskingum No. CT 2001–0066, 2002–Ohio–4237, ¶ 21 (additional citations omitted).

**{¶25}** A trial court's decision concerning spousal support may only be altered if it constitutes an abuse of discretion. *See Kunkle v. Kunkle* (1990), 51 Ohio St.3d 64, 67, 554 N.E.2d 83. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

**{¶26}** Also, in regard to issues of child support, the Ohio Supreme Court has determined that the abuse-of-discretion standard is the appropriate standard of review. *See Booth v. Booth* (1989), 44 Ohio St.3d 142, 541 N.E.2d 1028. We likewise apply an abuse-of-discretion standard to the decision of a trial court to deny a deviation in the amount of child support owed by an obligor. *See Logan v. Gregrow*, 5th Dist. Stark No. 2006CA0246, 2007-Ohio-4585, ¶ 38. Furthermore, as an appellate court, we are not the trier of fact. Our role is to determine whether there is relevant, competent, and credible evidence upon which the factfinder could base his or her judgment. *Tennant v. Martin–Auer,* 188 Ohio App.3d 768, 936 N.E.2d 1013, 2010–Ohio–3489, ¶ 16, citing *Cross Truck v. Jeffries,* 5th Dist. Stark No. CA–5758, 1982 WL 2911. We have also recognized that "[t]he definitions of income under R.C. 3119.01 are broad and expansive to protect the child's best interests." *Vonderhaar–Ketron v. Ketron,* 5th Dist. Fairfield No. 10 CA 22, 2010–Ohio–6593, ¶ 48, citing *Bishop v. Bishop,* 4th Dist. Scioto No. 03CA2908, 2004–Ohio–4643, ¶ 16 (additional citation omitted).

**{¶27}** In the case *sub judice,* appellant essentially contends the trial court erred in relying on appellee's self-employment income as reported on his tax returns, and not

placing more reliance on the testimony of John Davis, CPA, concerning appellee's alleged underreporting of his income, or, in the alternative, deviating from the guideline figure derived from his reported annual income.

**{¶28}** At the evidentiary hearing before the magistrate on July 21, 2017, Davis noted that he had reviewed several volumes of banking records pertaining to appellee and/or his companies. Davis opined that appellee's 2016 Form 1040 Schedule C was inconsistent with the bank records he had studied. Davis opined that appellee had underreported his income for tax year 2016 in the amount of $92,479.00. Tr. at 36. Upon further questioning, Davis indicated that appellee's underreported income for 2016 "could possibly be" an amount exceeding $265,000.00. Tr. at 38. Davis also opined that appellee's unreported income for tax year 2015 "could be" $130,000.00. *Id.* In his written report, Davis stated: "The income understatement *may be* substantial, *possibly* in excess of $265,000 for 2016 and $130,000 for 2015." Plaintiff's Exhibit 34, at page 5 (emphasis added).

**{¶29}** Appellant also called appellee's current tax preparer, David Euele, CPA. In contrast to Davis' above assessments, however, Euele testified: "*** I can tell you as a professional what was reported on the tax (inaudible) is the income [appellee] made period." *See* Tr. at 57.

**{¶30}** We have often recited that the trier of fact is in a far better position to observe the witnesses' demeanor and weigh their credibility. *See, e.g., Taralla v. Taralla,* 5th Dist. Tuscarawas No. 2005 AP 02 0018, 2005–Ohio–6767, ¶ 31, citing *State v. DeHass* (1967), 10 Ohio St.2d 230, 227 N.E.2d 212. Upon review, we are unpersuaded

the trial court abused its discretion in adopting the magistrate's award of spousal support and child support based upon the income evidence presented at trial.

**{¶31}** Appellant's First Assignment of Error is therefore overruled.

II.

**{¶32}** In her Second Assignment of Error, appellant contends the trial court erred in not placing a dollar value on the marital portion of the businesses and thus not awarding appellant a monetary award representing her marital property interest in the businesses. We disagree.

**{¶33}** An appellate court generally reviews the overall appropriateness of the trial court's property division in divorce proceedings under an abuse-of-discretion standard. *Cherry v. Cherry* (1981), 66 Ohio St.2d 348, 421 N.E.2d 1293. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore, supra.* A trial court should be given wide latitude in dividing property between the parties. *See Koegel v. Koegel* (1982), 69 Ohio St.2d 355, 432 N.E.2d 206. When determining the value of a marital asset, a domestic relations court is not required to use a particular valuation method. *Zeefe v. Zeefe*, 125 Ohio App.3d 600, 612, 709 N.E.2d 208 (8th Dist. 1998) (additional citations omitted). Furthermore, as an appellate court, we are not the trier of fact. Our role is to determine whether there is relevant, competent, and credible evidence upon which the factfinder could base his or her judgment. *Tennant v. Martin–Auer, supra.*

**{¶34}** R.C. 3105.171(B) states as follows: "In divorce proceedings, the court shall, *and in legal separation proceedings upon the request of either spouse, the court may*,

determine what constitutes marital property and what constitutes separate property. In either case, upon making such a determination, the court shall divide the marital and separate property equitably between the spouses, in accordance with this section. For purposes of this section, the court has jurisdiction over all property, excluding the social security benefits of a spouse other than as set forth in division (F)(9) of this section, in which one or both spouses have an interest."

**{¶35}** R.C. 3105.171(A)(3)(a)(iii) includes in the definition of "marital property," subject to exceptions, "all income and appreciation on separate property, due to the labor, monetary, or in-kind contribution of either or both of the spouses that occurred during the marriage."

**{¶36}** Trial court decisions regarding the classification of separate and marital property are not reversed unless there is a showing of an abuse of discretion. *See Valentine v. Valentine,* 5th Dist. Ashland No. 95COA01120, 1996 WL 72608, citing *Peck v. Peck,* 96 Ohio App.3d 731, 734, 645 N.E.2d 1300 (12th Dist.1994). The characterization of property as separate or marital must also be supported by sufficient, credible evidence. *See Chase–Carey v. Carey,* 5th Dist. Coshocton No. 99CA1, 1999 WL 770172.

**{¶37}** The magistrate's decision, which was ultimately adopted by the trial court, includes the following conclusions:

The increase in value in husband's business was a direct result of his labor during the marriage, which makes that increase subject to division in a divorce action. However, the court has no business valuations as a guide. The court converted the May, 2017 trial to a pretrial and gave wife,

through her attorney, more time and clear orders in regard to obtaining business valuations of both "Appliance and More" and "Steadfast Motors." Wife retained CPA John Davis, who testified that he was unable to perform business valuations based upon the information provided to him. Instead, Davis spent his time forensically examining the tax returns and bank accounts of "Appliance and More," and came away with the opinion that the business could not be valuated, and that husband's 2015 and 2016 tax returns did not accurately report his income for those years.

\*\*\*

The bottom line is, the court has no current business valuations to consider, has contradicting testimony about the accuracy of husband's report of income on his two most recent tax returns, and has no value of husband's business prior to marriage. The court can consider, from the tax returns presented as evidence, that husband's gross receipts were over one million dollars two years in a row, but due to the cost of goods paid out both years, there was a loss in 2015, and a profit of just over $45,000 in 2016. The court also can consider that husband has a large amount of business debt which must be paid on a monthly basis, and that the contracts that husband now has as his sources of income fluctuate and may change from year to year. When taking all these factors into consideration, the court finds that there is no proof that husband's expanded business has resulted in a significant increase in profit, especially in light of the fact that any of husband's profits must be eaten away by the payment of business debt.

Therefore, the court is not convinced that wife should receive any portion of husband's business interests in either "Appliance and More" or "Steadfast Motors." Further, the court finds that wife should not have to pay any of the business debt owed by husband from either of his business ventures.

**{¶38}** Magistrate's Decision, October 25, 2017, at 18-19.

**{¶39}** We note that appellee, in his financial statement filed with the trial court on February 7, 2017, stated that the "net value at acquisition" of Appliance and More, LLC was unknown, and that its "current net F.M.V." was also unknown. On cross-examination during the trial, when appellee was asked why a figure of $175,000.00 had been utilized for the value of Appliance and More in the unenforced antenuptial agreement, appellee merely responded that he had thrown "a number out there real quick." Tr. at 144. But appellant testified that in her lay opinion the value of Appliance and More was in excess of $600,000.00. Tr. at 82.

**{¶40}** There is a presumption in Ohio that an asset acquired during the course of the marriage is marital property, unless proved otherwise. *Haven v Haven,* 5th Dist. Ashland No. 12-COA-013, 2012-Ohio-5347, ¶ 23. We have recognized that the party to a divorce action seeking to establish that an asset or portion of an asset is separate property, rather than marital property, has the burden of proof by a preponderance of evidence. *Cooper v. Cooper,* 5th Dist. Licking No. 14 CA 100, 2015–Ohio–4048, ¶ 45, citing *Zeefe*, *supra*, at 614.

**{¶41}** In order to fully evaluate this issue in the present case, the magistrate ideally should have been provided with a proper valuation of the businesses (particularly "Appliance and More") at both the time of the marriage and the time of the termination of

the marriage. Unfortunately, none of this was provided by either party.[2] Nonetheless, the magistrate strove to formulate an equitable resolution of the property division issue under the evidentiary circumstances, as evinced by the above passage from her decision, and we are unable to find an abuse of discretion either in the magistrate's redress of the issue or in the trial court's ruling upon appellant's Civ.R. 53 objection.

---

[2] We reiterate that in the case *sub judice*, appellant filed for legal separation, following which appellee counterclaimed for divorce. *See* R.C. 3105.17(A). *See* appellant's complaint for legal separation, filed September 28, 2016, at 2, and appellee's answer and counterclaim for divorce, filed August 31, 2017. Both appellant and appellee, in these pleadings, explicitly requested an equitable division of property. Nonetheless, the magistrate and judge seem to have primarily put the onus on appellant to prove the value of the two businesses at issue; in the meantime, appellee could not or would not testify as to any increase in the value of his businesses during the marriage. *See.* Tr. at 144, 165. However, we find this concern is not specifically advanced by appellant herein.

{¶42}  Appellant's Second Assignment of Error is therefore overruled.

{¶43}  For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Stark County, Ohio, is hereby affirmed.

By: Wise, P. J.

Delaney, J., and

Baldwin, J., concur.

JWW/d 0927